Samuel R. Maizel (CA Bar No. 189301)
Scotta E. McFarland (CA Bar No. 165391)
Jeffrey L. Kandel (CA Bar No. 115832)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Tel:: 310/277-6910; Fax: 310/201-0760
E-mail: smaizel@pszjlaw.com
        smcfarland@pszjlaw.com
        jkandel@pszjlaw.com

Attorneys for Official Committee of Unsecured Creditors
for San Diego Hospice & Palliative Care Corporation

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>SAN DIEGO HOSPICE & PALLIATIVE CARE CORPORATION,<br><br>        Debtor and Debtor in Possession. | Case No.: 13-01179-MM11<br>Chapter 11<br><br>**NOTICE RE: BLACKLINE SHOWING MODIFICATIONS TO THE FIRST AMENDED LIQUIDATING PLAN FOR SAN DIEGO HOSPICE & PALLIATIVE CARE CORPORATION (JUNE 24, 2013) JOINTLY PROPOSED BY THE DEBTOR AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**<br><br>Confirmation Hearing:<br>Date:    September 4, 2013<br>Time:   10:00 a.m.<br>Place:  United States Bankruptcy Court<br>         325 West F Street<br>         Department 1, Room 218<br>         San Diego, CA 92101<br>Judge: Hon. Margaret Mann |

PLEASE TAKE NOTICE THAT on August 27, 2013, San Diego Hospice & Palliative Care Corporation, a California nonprofit public benefit corporation, and the Official Committee of Unsecured Creditors filed the *First Amended Liquidating Plan for San Diego Hospice and Palliative Care Corporation (June 24, 2013), as Modified on August 27, 2013, Jointly Proposed by the Debtor and the Official Committee of Unsecured Creditors* (the "Modified Plan"). The Proponents have made immaterial modifications to the *First Amended Liquidating Plan for San Diego Hospice and Palliative Care Corporation (June 24, 2013) Jointly Proposed by the Debtor and the Official*

*Committee of Unsecured Creditors* (the "First Amended Plan") filed on June 24, 2013 [Docket No. 421] to clarify, among other things, certain issues with the Centers for Medicare and Medicaid Services and to correct certain typographical errors.  Attached hereto as **Exhibit 1** is a blackline showing changes made to the First Amended Plan as reflected in the Modified Plan.

Dated:    August 27, 2013              PACHULSKI STANG ZIEHL & JONES LLP


By:/s/ Scotta E. McFarland
    Samuel R. Maizel (CA Bar No. 189301)
    Scotta E. McFarland (CA Bar No. 165391)

    Attorneys for Official Committee of Unsecured Creditors
    for San Diego Hospice & Palliative Care Corporation

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT 1

Jeffrey Isaacs (CA Bar No. 042622)
Gerald P. Kennedy (CA Bar No. 105887)
Jamie L. Altman (CA Bar No. 280075)
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
525 B Street, Suite 2200
San Diego, California  92101
Tel:  619/238-1900; Fax: 619/235-0398
Email: jeffrey.isaacs@procopio.com;
        gerald.kennedy@procopio.com
        jamie.altman@procopio.com

Attorneys for Debtor and Debtor in Possession
San Diego Hospice & Palliative Care Corporation

Samuel R. Maizel (CA Bar No. 189301)
Scotta E. McFarland (CA Bar No. 165391)
Jeffrey L. Kandel (CA Bar No. 115832)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California  90067-4100
Tel:: 310/277-6910; Fax:  310/201-0760
E-mail:   smaizel@pszjlaw.com
          smcfarland@pszjlaw.com
          jkandel@pszjlaw.com

Attorneys for Official Committee of Unsecured Creditors
for San Diego Hospice & Palliative Care Corporation

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>SAN DIEGO HOSPICE AND PALLIATIVE CARE CORPORATION,<br><br>     Debtor and Debtor in Possession | Case No.: 13-01179-MM11<br><br>Chapter 11<br><br>**FIRST AMENDED LIQUIDATING PLAN FOR SAN DIEGO HOSPICE AND PALLIATIVE CARE CORPORATION (JUNE 24, 2013), AS MODIFIED ON AUGUST 27, 2013, JOINTLY PROPOSED BY THE DEBTOR AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**<br><br>**Confirmation Hearing:**<br>Date:  ~~TBD~~September 4, 2013<br>Time:  ~~TBD~~10:00 a.m.<br>Place:  United States Bankruptcy Court<br>          325 West F Street<br>          Courtroom 1<br>          San Diego, CA 92101<br>Judge:  Hon. Margaret Mann |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................... 1

II. DEFINITIONS AND RULES OF CONSTRUCTION ........................................... 2

    A.    Definitions ......................................................................................... 2

    B.    Interpretation, Rules of Construction, Computation of Time ................................. 13

        1.    Defined Terms ............................................................. 13

        2.    Rules of Interpretation ...................................................... 13

        3.    Time Periods ............................................................... 14

III. DESIGNATION OF CLASSES OF CLAIMS ..................................................... 14

    A.    Classes of Claims ................................................................. 15

        1.    Miscellaneous Secured Claims (Class 1) ..................................... 15

        2.    Priority Non-Tax Claims (Class 2) ........................................ 15

        3.    General Unsecured Claims (Class 3) ...................................... 15

        4.    Subordinated Claim (Class 4) ............................................ 15

    B.    Unimpaired and Impaired Classes ................................................... 15

    C.    Terms of Confirmed Plan Control Unless Otherwise Specified ..................... 15

    D.    Holders of Claims as of Record Date .............................................. 16

IV. TREATMENT OF CLAIMS ............................................................................... 16

    A.    Unclassified Claims ................................................................. 16

        1.    Allowance of Administrative Claims ....................................... 16

        2.    Treatment of Administrative Claims ....................................... 18

        3.    Treatment of Priority Tax Claims ......................................... 19

    B.    Classified Claims ................................................................... 19

        1.    Class 1 (Miscellaneous Secured Claims) ................................... 19

        2.    Class 1A (Wells Fargo Secured Claim ...................................... 20

    C.    Classification and Treatment of Wells Fargo Secured Claim ...................... 20

        1.    Class 2 (Priority Non-Tax Claims) ........................................ 21

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2.    Class 3 (General Unsecured Claims) .................................................. 21

3.    Class 4 (CMS Claim) ......................................................................... 22

V. TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES ................ 22

A.    Rejection of Executory Contracts and Unexpired Leases ........................ 22

B.    Bar Date for Rejection Damages ......................................................... 23

C.    Insurance Policies .............................................................................. 23

VI. MEANS FOR EXECUTION AND IMPLEMENTATION OF THE PLAN ........................ 24

A.    Implementing Actions In General; Conditions to the Effective Date ....... 24

B.    Debtor's Authority ............................................................................. 25

C.    Dissolution of the Debtors and Termination of Current Officers,
       Directors, Employees and Counsel ..................................................... 25

D.    Liquidating Trust ............................................................................... 25

1.    Effectiveness of the Liquidating Trust ................................... 25

2.    Beneficiaries ..................................................................... 26

3.    Implementation of the Liquidating Trust ............................... 26

4.    Transfer of Debtor's Assets ................................................ 27

5.    Vesting of Assets ............................................................... 27

6.    Funding of the Liquidating Trust ......................................... 28

7.    No Liability of Liquidating Trustee ....................................... 28

8.    Funding of the Liquidating Trust's Liquidating Trust Expenses ................ 28

9.    Provisions Relating to Federal Income Tax Compliance........................... 29

E.    The SDH Trust Committee .................................................................. 29

F.    Representative of the Estate ............................................................... 30

G.    The Committee .................................................................................. 31

H.    Earmarked Charitable Donations ........................................................ 31

I.    Unrestricted Charitable Donations ...................................................... 31

J.    Provisions Governing Distributions ...................................................... 31

1.    Disbursing Agent ............................................................... 31

2.    The Source of Distributions ................................................ 32

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

ii

3. Distribution Dates ............................................................................ 32

4. Manner of Cash Payments ............................................................... 32

5. Setoff and Recoupment ................................................................... 32

6. No *De Minimis* Distributions ......................................................... 33

7. Fractional Cents .............................................................................. 33

8. No Distributions with Respect to Disputed Claims ......................... 33

9. Undeliverable or Unclaimed Distributions ...................................... 33

10. Distribution Checks Not Cashed ...................................................... 34

11. Record Date .................................................................................... 35

K. Donation of Remaining Liquidating Trust Cash .......................................... 35

VII. LITIGATION AND CLAIMS OBJECTIONS ................................................. 35

A. Preservation of Rights of Action and Defenses .......................................... 35

B. Disputed Claims ........................................................................................ 39

1. Disputed Claims Reserve ................................................................. 39

2. Objections to and Resolution of Disputed Claims ........................... 40

VIII. OTHER PLAN PROVISIONS ......................................................................... 40

A. Exculpation and Release of Committee and Its Professionals ..................... 40

B. Injunction .................................................................................................. 41

C. Nondischarge of the Debtor ....................................................................... 42

D. Remedy in Event of Default Under the Plan ............................................... 42

E. Entry of Final Decree ................................................................................. 43

F. Post-Effective Date Quarterly Reports and Fees ........................................ 43

G. Exemption from Stamp, Transfer and Other Taxes .................................... 43

H. Withholding and Reporting Requirements .................................................. 43

I. Pre-Confirmation Injunction and Stays ...................................................... 44

J. Retention of Jurisdiction ............................................................................ 44

K. Successors and Assigns .............................................................................. 45

L. Modification or Withdrawal of the Plan ...................................................... 45

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

iii

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

M.    Severability of Plan Provisions ................................................................ 46

N.    Exhibits ..................................................................................................... 46

O.    No Admission ............................................................................................ 46

P.    General Authority ...................................................................................... 47

Q.    Binding Effect ........................................................................................... 47

R.    Governing Law .......................................................................................... 47

S.    Payment or Distribution Dates ................................................................. 48

T.    Headings .................................................................................................... 48

U.    No Waiver .................................................................................................. 48

V.    Post-Effective Date Notice ....................................................................... 48

IX. CONDITIONS TO CONFIRMATION ........................................................... 49

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

iv

San Diego Hospice & Palliative Care Corporation, a California nonprofit public benefit corporation, and the Official Committee of Unsecured Creditors propose the following *First Amended Liquidating Plan for San Diego Hospice & Palliative Care Corporation (Dated June 24, 2013), as Modified on August 27, 2013, Jointly Proposed by the Debtor and the Official Committee of Unsecured Creditors* pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. All Holders[1] of Claims are encouraged to read the Plan in its entirety.

# I.

## **INTRODUCTION**

The Plan effectuates a distribution of the assets of the Estate to Creditors in accordance with the priorities set forth in the Bankruptcy Code. The Plan provides that all of the Debtor's Assets, to the extent they have not already been liquidated, will be liquidated and the proceeds will be utilized to pay Allowed Claims pursuant to the terms of the Plan and to fund the Liquidating Trust Expenses. All Holders of Allowed Administrative Claims and Allowed Priority Claims against the Debtor will be satisfied or paid in full. After payment of the Allowed Administrative Claims and Allowed Priority Claims and the provision for the Liquidating Trust Expenses, the balance of remaining Cash will be distributed Pro-Rata to Holders of Allowed General Unsecured Claims. The Proponents do not believe that the Holder of the Subordinated Claim will receive any distributions under the Plan. The Plan proposes to fairly and efficiently distribute the Debtor's Assets.

The Disclosure Statement, distributed with this Plan, contains a discussion of the Debtor's history, a summary of the Debtor's Assets and liabilities, a summary estimating the possible recoveries by Holders of Allowed Claims under the Plan, a discussion of certain alternatives to the Plan, and a summary of the procedures and voting requirements necessary for Confirmation of the Plan. The Disclosure Statement is intended to provide Holders of Claims with information sufficient to enable such Holders to vote on the Plan. All Holders of Claims entitled to vote on this Plan are encouraged to carefully read the Disclosure Statement and this Plan before voting to accept or reject this Plan. No solicitation materials, other than the Disclosure Statement and related materials

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given them in Article II below.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

transmitted herewith have been authorized by the Bankruptcy Court for use in soliciting acceptance or rejection of this Plan.

**II.**

**DEFINITIONS AND RULES OF CONSTRUCTION**

**A.**     **Definitions**

In addition to such other terms as are defined in other Sections of the Plan, the following terms (which appear in the Plan as capitalized terms) have the following meanings as used in the Plan:

**"503(b)(9) Claims"** means Claims for the value of goods received by the Debtor in the ordinary course of its business within twenty (20) days before the Petition Date as provided in section 503(b)(9) of the Bankruptcy Code.

**"Administrative Claims"** means Claims for administrative costs or expenses that is allowable under sections 365(b), 503(b) and 507(a)(2) of the Bankruptcy Code or 28 U.S.C. § 1930, including, without limitation, (a) Non-Ordinary Course Administrative Claims; (b) Ordinary Course Administrative Claims; (c) 503(b)(9) Claims; (d) Professional Fee Claims; and (e) U.S. Trustee Fees.

**"Allowed Administrative Claim"** means an Allowed Claim that is an Administrative Claim.

**"Allowed Claim"** means either (a) a Claim, as to which no proof of claim has been Filed, that is (i) listed in the Schedules in an amount greater than zero and not in an unknown amount and (ii) not listed as disputed, contingent or unliquidated; or (b) a Claim as to which a proof of claim has been Filed and (i, in either case, to which (y) no objection or motion to estimate, equitably subordinate, reclassify, set off, or otherwise limit the recovery thereon has been asserted before the expiration of the time period to object to such claim as set forth in this Plan or order of the Bankruptcy Court or (iiz) any objection or motion to estimate, equitably subordinate, reclassify, or set off has been resolved by agreement between the Creditor and the Liquidating Trustee or by Final Order of the Bankruptcy Court.

**"Allowed Class '**'** Claim"** means an Allowed Claim classified in the specified Class.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2

**"Assets"** means all assets of the Debtor's Estate including "property of the estate" as described in section 541 of the Bankruptcy and shall, without limitation, include Cash, Causes of Action, proceeds of insurance and insurance policies, all rights and interests, all personal property, and all files, books and records of the Estate.

**"Available Cash"** means any Cash held by the Liquidating Trust that is not designated by the Liquidating Trustee as Cash to be used to satisfy Allowed Administrative Claims, Allowed Priority Non-Tax Claims, and Liquidating Trust Expenses or otherwise subject to a reserve established by the Liquidating Trustee.

**"Avoiding Power Causes of Action"** means causes of action, if any, arising under sections 502(d), 506, 544, 545, 547, 548, 549, 550, 553, and 558 of the Bankruptcy Code, or any fraudulent conveyance, fraudulent transfer or preference laws, or any cause of action arising under, or relating to, any similar state law or federal law that constitutes property of the Estate under section 541 of the Bankruptcy Code, whether or not an action is initiated on or before the Effective Date.

**"Ballot"** means the Ballot for accepting or rejecting the Plan.

**"Balloting Deadline"** means the date that is seven (7) days prior to the date of the Confirmation Hearing.

**"Bankruptcy Code"** means the Bankruptcy Reform Act of 1978, as codified in title 11 of the United States Code, § 101 *et seq*., as now or hereafter amended

**"Bankruptcy Court"** means the United States Bankruptcy Court for the Southern District of California.

**"Bankruptcy Rules"** means the Federal Rules of Bankruptcy Procedure, as applicable from time to time in the Case.

**"Beneficiaries"** means the Holders of Allowed Claims who are the beneficiaries of the Liquidating Trust.

**"Business Day"** means any day that is not a Saturday, Sunday, or "legal holiday" as defined in Bankruptcy Rule 9006(a).

**"Case"** means the case under chapter 11 of the Bankruptcy Code commenced by the Debtor and bearing Case Number 13-01179-MM11.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3

"**Cash**" means all of the Debtor's cash or cash equivalents held by the Debtor or any third party as of the Effective Date and all cash held by the Liquidating Trust after the Effective Date.

"**Causes of Action**" means any and all claims, demands, rights, actions, suits, causes of action, third-party claims, counterclaims and cross-claims of, or liabilities or obligations owing to, the Debtor or the Estate, of any kind or character whatsoever, known or unknown, suspected or unsuspected, whether arising prior to, on or after the Petition Date, in contract or in tort or otherwise, at law or in equity or under any other theory (including, but not limited to, all claims in any avoidance, recovery, subordination or other actions against any Person under the Bankruptcy Code, including sections 510, 542, 543, 544, 545, 547, 548, 549, 550, 551 and 553), that the Debtor or the Estate has or asserts or may have or assert, (including, but not limited to, those actions listed in this Plan, **Exhibit A** to be filed by the Exhibit Filing Date and the Disclosure Statement whether or not brought as of the Effective Date or instituted by the Debtor or, after the Effective Date, by the Liquidating Trustee, acting for the Liquidating Trust, against any Person based on law or equity, including, but not limited to, under the Bankruptcy Code, whether direct, indirect, derivative, or otherwise and whether asserted or unasserted, known or unknown and which have not been settled or otherwise resolved by Final Order as of the Effective Date, including but not limited to, (1) rights of setoff, counterclaim or recoupment, and claims on contracts or for breaches of duties imposed by law, (2) the right to object to claims or interests, (3) such claims and defenses as fraud, mistake, duress and usury, (4) Avoiding Power Causes of Action, (5) claims to recover outstanding accounts receivable, and (6) any other claims which may be asserted against other persons or entities.

"**Claim**" means a claim, as the term "claim" is defined in section 101(5) of the Bankruptcy Code, against the Debtor.

"**Claims Objection Deadline**" means no later than six months after the Confirmation Date, which is the deadline for the Liquidating Trust, through the Liquidating Trustee, to File objections to 503(b)(9) Claims, Priority Claims, and General Unsecured Claims as set forth in Section VII.B.2 hereof.

"**Class**" means a group of Claims as classified in Article III hereof.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4

**"CMS"** means the Centers for Medicare and Medicaid Services, a component agency of the U.S. Department of Health and Human Services.

**"CMS Claim"** means any Claim asserted by CMS against the Debtor, including proof of Claim number 219 filed in this Case on June 17, 2013, and any appropriate amendments thereto.

**"Committee"** means the Official Committee of Unsecured Creditors appointed in the Case.

**"Confirmation"** means the entry of the Order by the Bankruptcy Court confirming the Plan pursuant to section 1129 of the Bankruptcy Code.

**"Confirmation Date"** means the date on which Confirmation occurs.

**"Confirmation Hearing"** means the hearing held pursuant to Bankruptcy Rule 3020(b)(2), including any continuances thereof, at which the Bankruptcy Court will consider Confirmation of the Plan.

**"Confirmation Order"** means the order of the Bankruptcy Court confirming the Plan under section 1129 of the Bankruptcy Code.

**"Creditor"** means "creditor," as the term is defined in section 101(10) of the Bankruptcy Code.

**"Cure Claims"** means the right to payment of cash or the distribution of other property (as the parties may agree or the Court may order), as necessary to cure defaults under an executory contract or unexpired lease of the Debtor, or as otherwise required by section 365(b) of the Bankruptcy Code as a condition of assumption and assignment, so that the Debtor may assume and assign the contract or lease pursuant to sections 365 or 1123(b)(2) of the Bankruptcy Code.  **The Proponents are unaware of any Cure Claims.**

**"Debtor"** means San Diego Hospice & Palliative Care Corporation.

**"Disallowed Claim"** means a Claim or any portion thereof that (i) has been disallowed by agreement between the Creditor and the Debtor or the Liquidating Trust, as appropriate, or by Final Order, (ii) is Scheduled in an unknown amount or as zero or as contingent,

disputed, or unliquidated or is not Scheduled and as to which no Proof of Claim or Administrative Claim has been Filed, or (iii) has been withdrawn by the Creditor.

**"Disbursing Agent"** means the Liquidating Trustee on behalf of the Liquidating Trust, for purposes of making the disbursements to Holders of Allowed Claims pursuant to the terms of the Plan.

**"Disputed Claim"** means any Claim that is not an Allowed Claim or a Disallowed Claim.

**"Disputed Claim Reserve"** means the Cash reserves, established pursuant to Section VII.B.1 hereof by the Liquidating Trustee in the estimated amount necessary to satisfy all distributions under the Plan on account of Disputed Claims if such Disputed Claims becomes an Allowed Claims.

**"Distribution(s)"** means any transfer under the Plan of Cash or other property or instruments to a Holder of an Allowed Claim.

**"Distribution Date(s)"** means the date(s) for making Distributions to Holders of Allowed Unsecured Claims in accordance with Sections IV.B.3.b. and c. and IV. B. 4 hereof.

**"Effective Date"** means the first Business Day after the date when all of the following have occurred:

(i)     the Confirmation Order shall have become a Final Order; provided, however, at the option of the Proponents, the Confirmation Order, if it is subject to a pending appeal or certiorari proceeding, may be considered a Final Order provided no court of competent jurisdiction has entered an order staying the effect of the Confirmation Order;

(ii)     the Liquidating Trust Agreement is final and approved and the Liquidating Trustee has been selected;

(iii)     all actions, documents and agreements necessary to implement the Plan will have been effected or executed;

(iv)     the Debtor will have received all authorizations, consents, rulings, opinions or other documents that are determined by the Proponents to be necessary to implement the Plan; and

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

6

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    (v) the sale of the Debtor's Real Property shall have closed.

2        In no event shall the Effective Date occur more than ninety (90) calendar days

3    following entry of the Confirmation Order, unless extended by ordered by the Bankruptcy Court.

4        **"Estate"** means the estate created in the Case under section 541 of the Bankruptcy

5    Code.

6        **"Exhibit Filing Date"** means a Business Day on which drafts of all Exhibits to the

7    Plan shall be Filed and which day shall be no later than the day the Proponents serve Creditors with

8    copies of the Plan and Disclosure Statement.  The Proponents reserve the right to File amended or

9    revised versions of any Exhibit through and including the Confirmation Date.

10        **"File" or "Filed"** means filed with the Bankruptcy Court in the Case.

11        **"Final Order"** means an order or judgment of the Bankruptcy Court, as entered on

12    its docket, which has not been reversed, stayed, modified or amended, and as to which (a) the time to

13    appeal, petition for certiorari, or move for re-argument or rehearing has expired and as to which no

14    appeal, petition for certiorari, or other proceedings for re-argument or rehearing shall then be

15    pending or as to which any right to appeal, petition for certiorari, reargue, or rehear shall have been

16    waived in writing in form and substance satisfactory to the Debtor or the Liquidating Trustee, as

17    applicable, or (b) in the event that an appeal, writ of certiorari, or re-argument or rehearing thereof

18    has been sought, such order or judgment of the Bankruptcy Court or other applicable court shall

19    have been affirmed by the highest court to which such order or judgment was appealed, or certiorari

20    has been denied, or from which re-argument or rehearing was sought, and the time to take any

21    further appeal, petition for certiorari or move for re-argument or rehearing shall have expired.

22        **"Foundation"** means San Diego Hospice Foundation, Inc.

23        **"General Bar Date"** means April 26, 2013, the deadline for filing Prepetition

24    Claims, except for Claims held by governmental entities, based on damages resulting from the

25    rejection of an executory contracts or unexpired leases, or recoveries from Avoiding Power Causes

26    of Action.

27

28

**"General Unsecured Claims"** or **"Unsecured Claims"** means Claims that are not Administrative Claims, a Priority Tax Claims, Claims secured by a lien on any Assets of the Debtor or the Subordinated Claim.

**"Governmental Unit Bar Date"** means August 5, 2013, the date that is the first business day after the 180 days after the entry of the order for relief, which occurred on the Petition Date.

**"Holder"** means the owner of a Claim against the Debtor, provided, however, with respect to transfers of Claims governed by Bankruptcy Rule 3001(e), in order for the transferor to be deemed the Holder of the Claim for distribution purposes, the deadline for any objection to the proposed transfer of a Claim must have passed with either (1) no objection to the transfer having been Filed, or (2) any objection to such transfer having been resolved in favor of the transferor by no later than thirty days prior to the initial Distribution Date.

**"Impaired"** means, when used with respect to a Claim, the legal, equitable and contractual rights to which a Claim entitles the Holder of such Claim are unaltered by the Plan.

**"Judgment Rate"** means the interest rate as set forth in 28 U.S.C. § 1961(a) on a federal judgment entered on the Petition Date, which was .15% per annum.

**"Liquidating Trustee"** means the trustee of the Liquidating Trust to be selected by the Committee at least 10 days prior to the Confirmation Hearing, and any successor trustee(s) appointed pursuant to the Liquidating Trust Agreement, that has the powers and responsibilities set forth in the Plan, the Confirmation Order and the Liquidating Trust Agreement and in such capacity shall act as a liquidator of Liquidating Trust Assets for the benefit of Holders of Allowed Claims. Whenever the Liquidating Trustee is referred to herein, all such references are qualified by the Liquidating Trustee's powers, rights and obligations as set forth in the applicable Liquidating Trust Agreement.

**"Liquidating Trustee's Agents"** means, collectively, employees, officers, directors, agents, members, representatives, or professionals employed or retained by the Liquidating Trustee.

**"Liquidating Trust"** means the certain trust as described in Section VI.C of the Plan, created pursuant to the Plan, Confirmation Order, and Liquidating Trust Agreement, and created for

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

8

the benefit of Holders of all Allowed Claims.  Except as otherwise expressly provided in the Plan, all of the Debtor's Assets will be transferred to the Liquidating Trust on the Effective Date.  The Liquidating Trust will continue and conclude the work started by the Debtor to resolve all Disputed Claims, liquidate the Liquidating Trust Assets, including the resolution of any Causes of Action, make Distributions to the Holders of Allowed Claims, and pay the expenses of the Liquidating Trust, all as provided in the Plan.

**"Liquidating Trust Agreement"** means the Liquidating Trust Agreement by and among the Debtor, the SDH Trust Committee and the Liquidating Trustee to be entered into pursuant to the Plan and the Confirmation Order, substantially in the form of **Exhibit B** hereto, as it may be amended from time to time, a copy of which will be filed by the Exhibit Filing Date.

**"Liquidating Trust Assets"** means any and all of the Debtor's Assets, including, but not limited to, Cash, Causes of Action, and other personal property that remain property of the Debtor on the Effective Date, all of which shall be transferred to the Liquidating Trust by the Debtor on the Effective Date, plus the Liquidating Trust Proceeds.  The Liquidating Trust Assets shall be free and clear of any liens, claims or interests that might otherwise have existed in favor of any party, except as otherwise provided in the Plan or the Confirmation Order.

**"Liquidating Trust Expense(s)"** means all voluntary and involuntary costs, expenses, charges, obligations, or liabilities of any kind or nature, including, but not limited to, expenses that are unmatured, contingent, or unliquidated (collectively, the "Expenses") incurred by the Liquidating Trust after the Effective Date until the Liquidating Trust is dissolved, including, but not limited to: (i) the Expenses of the Liquidating Trust incurred in connection with administering and implementing the Plan; (ii) all fees that accrue after the Effective Date that are payable to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6); (iii) the Expenses of the Liquidating Trust in making the Distributions required by the Plan, including paying taxes and filing tax returns; (iv) any Expenses incurred by the SDH Trust Committee or the Liquidating Trust  resulting from the employment of independent contractors and professionals (including, without limitation, attorneys, advisors, accountants, brokers, consultants, experts, professionals and other Persons) providing necessary services to the SDH Trust Committee or the Liquidating Trust, and (v) any expenses

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

9

incurred by the members of the SDH Trust Committee related to their service as members of the SDH Trust Committee.

**"Liquidating Trust Expense Reserve"** means the reserve created by the Liquidating Trustee and funded out of the Liquidating Trust Assets for the payment of Liquidating Trust Expenses throughout the life of the Liquidating Trust.

**"Liquidating Trust Proceeds"** means any and all Cash, property and other rents, profits and/or proceeds derived from the Liquidating Trust Assets, including reducing Causes of Action to Cash.

**"Miscellaneous Secured Claims"** means Claims that are Secured Claims against the Debtor that are not separately classified in this Plan. **The Proponents are unaware of any Miscellaneous Secured Claims.**

**"Non-Ordinary Course Administrative Claims"** means Administrative Claims, but excluding Ordinary Course Administrative Claims, 503(b)(9) Claims; Professional Fee Claims, or U.S. Trustee Fees.

**"Non-Ordinary Course Administrative Claim Bar Date"** means the date that is 45 days after the Effective Date.

**"Non-Ordinary Course Administrative Claim Objection Deadline"** means the date that is at least fourteen (14) days prior to the hearing date set with the Bankruptcy Court for the request for the allowance of the Non-Ordinary Course Administrative Claim.

**"Ordinary Course Administrative Claims"** means Claims for administrative costs or expenses that are allowable under section 503(b) of the Bankruptcy Code that are incurred in the ordinary course of the Debtor's operations but excluding 503(b)(9) Claims.

**"Person"** means any natural person or entity.

**"Petition Date"** means February 4, 2013, the date on which the Debtor Filed its voluntary petition for relief commencing its Case.

**"Plan"** means this liquidating plan of reorganization under chapter 11 of the Bankruptcy Code, including, without limitation, all exhibits, supplements, appendices, and schedules hereto, either in its present form or as it may be altered, amended, or modified from time to time.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

10

**"Plan Documents"** means those documents necessary to effectuate the Plan.

**"Post-Effective Date Notice List"** means the list of Persons who have requested notice in accordance with Section VIII.U of this Plan of hearings and other matters as to which the Bankruptcy Code requires that notice be given.

**"Postpetition"** means the time from and after the Petition Date, February 4, 2013, through the Effective Date.

**"Prepetition"** means prior to the Petition Date.

**"Priority Employee Claims"** means those Claims of the Debtor's employees which both (i) constitute unpaid wages (if any), benefits and PTO owed to such employees as of the date the employee was terminated and (ii) constitute Priority Claims under sections 507(a)(4) and (5) of the Bankruptcy Code.

**"Priority Non-Tax Claims"** means Claims, other than Administrative Claims or Priority Tax Claims, entitled to priority in right of payment under section 507(a) of the Bankruptcy Code, including, but not limited to, Priority Employee Claims.

**"Priority Tax Claims"** means Claims entitled to priority under section 507(a)(8) of the Bankruptcy Code.

**"Professionals"** means those Persons providing advisory or consulting services (i) retained pursuant to an order of the Bankruptcy Court in accordance with sections 327, 1103 and/or 1106 of the Bankruptcy Code and to be compensated for services rendered prior to the Effective Date pursuant to sections 327, 328, 329, 330 and 331 of the Bankruptcy Code or (ii) for which compensation and reimbursement has been allowed by the Bankruptcy Court pursuant to sections 330 and 503(b)(2) of the Bankruptcy Code.

**"Professional Fee Claim"** means a Claim under sections 327, 328, 330, 331, 503, or 1103 of the Bankruptcy Code for compensation for professional services rendered or expenses incurred on the Estate's behalf; but not a Claim either under section 503(b)(4) of the Bankruptcy Code for compensation for professional services rendered or under section 503(b)(3)(D) of the Bankruptcy Code for expenses incurred in making a substantial contribution to the Estate, which is a

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

11

Non-Ordinary Course Administrative Claim and is subject to the Non-Ordinary Course Administrative Claim Bar Date.

"**Proponents**" means, collectively, the Debtor and the Committee.

"***Pro Rata***" means proportionately so that the ratio of (a) the amount of consideration distributed on account of a particular Allowed Claim to (b) the amount of such Allowed Claim is the same as the ratio of (x) the amount of consideration distributed on account of all Allowed Claims of the class in which the particular Allowed Claim is included to (y) the amount of all Allowed Claims of that class.

"**PTO**" means accrued and unused paid time off owed to any employee of the Debtor.

"**Real Property**" means, the real property located at 4311 Third Avenue, San Diego, California.

"**Record Date**" means, for purposes of Distributions under this Plan, the Confirmation Date.

"**Scheduled**" means set forth on the Schedules.

"**Schedules**" means the Schedules of Assets and Liabilities and the Statement of Financial Affairs Filed by the Debtor with the Bankruptcy Court, pursuant to section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(b), and the Official Bankruptcy Forms, as may be amended from time to time.

"**SDH Trust Committee**" means the committee that will function after the Effective Date in accordance with Section VI.D. hereof, the initial members of which will be the following: Brookwood Crossroads Investors, LLC, ~~Inc.~~, represented by Evelyn M. Murphy; Medline Industries, Inc., represented by Shane Reed; Outcome Resources LLC, represented by Martin McDonough; GlenBrook Skilled Nursing, represented by Darolyn Jorgensen-Kares; and Departure, represented by Emily Rex.

"**Secured Claims**" means Claims of a Creditor that are secured by a valid, enforceable and unavoidable lien against property in which the Estate has an interest or that was subject to setoff under the Bankruptcy Code, to the extent of the value of such Creditor's interest in

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

12

the Estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be.

**"Subordinated Claim"** means that portion of the CMS Claim that is subordinated to all other Allowed Claims in the Case as described in Section IV herein.

**"Unclassified Claims"** means Claims that are not part of any Class, including Administrative Claims and Priority Tax Claims..

**"Unimpaired"** means that the legal, equitable, and contractual rights to which a Claim entitles the Holder of such Claim are not altered pursuant to the Plan.

**"U.S. Trustee"** means the Office of the United States Trustee for the Southern District of California.

**"U.S. Trustee Fees"** means all fees and charges assessed against the applicable Estate by the U.S. Trustee and due pursuant to 28 U.S.C. § 1930.

**B.**     **Interpretation, Rules of Construction, Computation of Time**

**1.**     **Defined Terms**

Any term used in the Plan that is not defined in the Plan, but that is used in the Bankruptcy Code or Bankruptcy Rules has the meaning assigned to that term in the Bankruptcy Code or Bankruptcy Rules, as applicable, unless the context requires otherwise.

**2.**     **Rules of Interpretation**

For purposes of the Plan:

a.     whenever from the context it is appropriate, each term, whether stated in the singular or the plural, shall include both the singular and the plural;

b.     any payment required under the Plan on a particular date shall be made on such date or as soon thereafter as practicable;

c.     any reference in the Plan to a contract, instrument, release or other agreement or document being in a particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions, delivered and Filed on or before the Exhibit Filing Date as an exhibit to the Plan;

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

13

d.      any reference in the Plan to an existing document or exhibit Filed or to be Filed means such document or exhibit, as it may have been or may be amended, modified or supplemented through and including the Confirmation Date which, after they are Filed, may be amended, modified or supplemented only with the express written consent of the Proponents;

e.      unless otherwise specified in a particular reference, all references in the Plan to sections, articles and exhibits are references to sections, articles and exhibits of or to the Plan;

f.      the words "herein," "hereof," "hereto," "hereunder" and others of similar import refer to the Plan in its entirety rather than to only a particular portion of the Plan;

g.      captions and headings to articles and sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan;

h.      all exhibits to the Plan and Plan Documents are incorporated herein, regardless of when those exhibits are Filed;

i.      to the extent any discrepancy exists between the description contained herein of a document or agreement that is an exhibit to the Plan and with the provisions of that exhibit, the actual agreement or document shall govern; and

j.      the rules of construction set forth in section 102 of the Bankruptcy Code shall apply.

**3.      Time Periods**

In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

**III.**

**DESIGNATION OF CLASSES OF CLAIMS**

The following is a designation of the classes of Claims under the Plan.  Administrative Claims and Priority Tax Claims have not been classified and are excluded from the following Classes in accordance with section 1123(a)(1) of the Bankruptcy Code.  A Claim is classified in a particular Class only to the extent that the Claim qualifies within the description of that Class and is classified in a different Class to the extent that any remainder of the Claim qualifies within the description of such different Class.  A Claim is in a particular Class only to the extent that the Claim

14

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

is an Allowed Claim and has not been paid, released, or otherwise satisfied before the Effective Date.

**A.    Classes of Claims**

    **1.    Miscellaneous Secured Claims (Class 1)**

Class 1 consists of the Miscellaneous Secured.  Each Claim that is a Miscellaneous Secured Claim shall be deemed to be classified in a separate sub-Class of Class 1.  Each such sub-Class of Class 1 shall be deemed to be a separate Class under this Plan and, for purposes of voting on the Plan, each sub-Class shall be deemed to be Impaired and, therefore, each shall be entitled to vote on the Plan.  The Proponents are currently unaware of any Miscellaneous Secured Claims.

    **2.    Priority Non-Tax Claims (Class 2)**

Class 2 consists of Priority Non-Tax Claims, including, but not limited to Priority Employee Claims.

    **3.    General Unsecured Claims (Class 3)**

Class 3 consists of all Unsecured Claims other than the CMS Claim.

    **4.    ~~Subordinated~~ CMS Claim (Class 4)**

Class 4 consists of the CMS Claim.

**B.    Unimpaired and Impaired Classes**

Class 2 is Unimpaired by the Plan.  Classes 1, 3 and 4 are Impaired under the Plan.  The treatment of Allowed Claims in the Unimpaired and the Impaired Classes in this Plan is in full and complete satisfaction of the legal, contractual, and equitable rights of each Holder of an Allowed Claim in the Unimpaired and the Impaired Classes.  Holders of Claims in the Impaired Classes are entitled to vote on the Plan.

**C.    Terms of Confirmed Plan Control Unless Otherwise Specified**

If the Plan is confirmed by the Bankruptcy Court, except as specifically set forth in this Plan, the treatment of Claims under in the Plan supersedes and replaces any agreements or rights the Holders of the Claims have in or against the Debtor or its Assets.  **EXCEPT AS SPECIFICALLY SET FORTH IN THIS PLAN, NO DISTRIBUTIONS WILL BE MADE AND NO RIGHTS**

~~DOCS_LA:266286.9~~ DOCS_LA:266286.10 76892/001

**WILL BE RETAINED ON ACCOUNT OF ANY CLAIM, WHETHER AN ALLOWED CLAIM OR NOT.**

**D.      Holders of Claims as of Record Date**

All Distributions under the Plan made on the Effective Date will be tendered to the Holders of the Allowed Claims effective as of the Record Date.

**IV.**

**TREATMENT OF CLAIMS**

**A.      Unclassified Claims**

Certain types of Claims are not placed into Classes; instead, such Claims are Unclassified Claims.  Such Unclassified Claims are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code.  As such, the Proponents have <u>not</u> placed the following Claims in a Class.  The respective treatments for these Claims are provided below.

**1.      Allowance of Administrative Claims**

a.      <u>Allowance of Non-Ordinary Course Administrative Claims</u>

Unless otherwise expressly provided in the Plan, Non-Ordinary Course Administrative Claims will be Allowed Claims only if:

(i)      On or before the **Non-Ordinary Course Administrative Claim Bar Date, which is 45 days after the Effective Date**, the entity holding such Non-Ordinary Course Administrative Claim both Files with the Court the Non-Ordinary Course Administrative Claim and serves it on the Liquidating Trust, and

(ii)      an order is entered by the Bankruptcy Court allowing the Non-Ordinary Course Administrative Claim.

**Entities holding Non-Ordinary Course Administrative Claims, including, but not limited to, any Claims held by former employees of the Debtor that arose after the Petition Date, that do not File and serve a request for payment by the Non-Ordinary Course Administrative Claim Bar Date will be forever barred from asserting those Claims against the Debtor, the Estate, the Liquidating Trust, or their respective property.**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

16

The Debtor or the Liquidating Trust, as the case may be, must File any objection to a Non-Ordinary Course Administrative Claims at least fourteen days prior to the hearing date on such Claim and any reply to such objection must be Filed at least seven days prior to the hearing date pursuant to Local Bankruptcy Rule 9013-1(f) and (g).  If the Person who Filed the Non-Ordinary Course Administrative Claim does not set the matter for a hearing, the Debtor or Liquidating Trust must File any objection to such Non-Ordinary Course Administrative Claim on or before 45 days after such Claim has been Filed and request a hearing date on such Non-Ordinary Course Administrative Claim.

Claims of Professionals brought under section 503(b)(3) of the Bankruptcy Code are subject to the Non-Ordinary Course Administrative Claims Bar Date.

b.      Allowance of Ordinary Course Administrative Claims

Holders of Ordinary Course Administrative Claims (i.e., claims for administrative costs or expenses that are allowable under section 503(b) of the Bankruptcy Code that are incurred in the ordinary course of the Debtor's operations, including but not limited to PTO that accrued after the Petition Date but remains unused) shall not be required to File any request for payment of such Claims.

c.      Allowance of 503(b)(9) Claims

Holders of 503(b)(9) Claims were required to File their Claims by the April 26, 2013, the General Bar Date.  A 503(b)(9) Claim will be an Allowed 503(b)(9) Claim if (i) no objection or motion to estimate, equitably subordinate, reclassify, set off, or otherwise limit the recovery thereon has been asserted before the expiration of the Claims Objection Deadline or (ii) any objection or motion to estimate, equitably subordinate, reclassify, or set off has been resolved by agreement between the Creditor and the Debtor or the Liquidating Trustee or by Final Order of the Bankruptcy Court.

d.      Allowance of Professional Fee Claims

Each Holder of a Professional Fee Claim seeking an award by the Bankruptcy Court of compensation for services rendered or reimbursement of expenses incurred through and including the Effective Date must (i) file its final application for allowances of compensation for services

17

rendered and reimbursement of expenses incurred through the Effective Date by no later than the forty-fifth (45th) day following the Effective Date.  Any objection to such Professionals Fee Claims shall be filed on or before the date specified in the application for final compensation.  All such requests for payment of such Professional Fee Claims will be subject to the authorization and approval of the Bankruptcy Court.  **Persons holding Professional Fee Claims who do not timely File and serve a final fee application will be forever barred from asserting those Claims against the Debtor, the Liquidating Trustee, or the property of the Liquidating Trust, unless otherwise ordered by the Bankruptcy Court.**

### 2.    Treatment of Administrative Claims

a.    Payment of Allowed Non-Ordinary Course Administrative Claims

Except to the extent that any entity entitled to payment of a Non-Ordinary Course Allowed Administrative Claim agrees to a less favorable treatment, each Holder of a Non-Ordinary Course Allowed Administrative Claim will receive in full satisfaction, discharge, exchange and release thereof, Cash in an amount equal to such Allowed Non-Ordinary Course Administrative Claim on the later of (i) the Effective Date, and (ii) the fifteenth (15th) Business Day after such Non-Ordinary Course Administrative Claim becomes an Allowed Non-Ordinary Course Administrative Claim, or, in either case, as soon thereafter as is practicable.

b.    Payment of Allowed Ordinary Course Administrative Claims

Each Ordinary Course Administrative Claim, unless disputed by Debtor or the Liquidating Trustee, shall be satisfied by the Debtor or the Liquidating Trustee, as the case may be, under the terms and conditions of the particular transaction giving rise to that Ordinary Course Administrative Claim without any further action by the Holder of such Ordinary Course Administrative Claim.

c.    Payment of 503(b)(9) Claims

Except to the extent that any Holder of a 503(b)(9) Claim agrees to a less favorable treatment, each Holder of a 503(b)(9) Claim will receive in full satisfaction, discharge, exchange and release thereof, Cash in an amount equal to such Allowed amount of the 503(b)(9) Claim plus interest at the Judgment Rate from the Petition Date to the date of payment on the later of (i) the

18

Effective Date, and (ii) the fifteenth (15th) Business Day after such 503(b)(9) Claim becomes an Allowed Claim, or, in either case, as soon thereafter as is practicable.

### d. Payment of Professionals

Holders of Professional Fee Claims, to the extent approved by the Bankruptcy Court, are to be paid, in full satisfaction, discharge, exchange and release thereof, Cash in such amounts as are Allowed by the Bankruptcy Court on the date such Professional Fee Claim becomes an Allowed Claim, or as soon thereafter as is practicable.

### e. Payment of U.S. Trustee Fees

On or before the Effective Date, all fees payable under 28 U.S.C. § 1930, as determined by the Bankruptcy Court at the Confirmation Hearing, shall be paid in Cash, in full.  The Debtor will continue to file the Post-Confirmation Quarterly Reports as required until the Effective Date.  After the Effective Date, the Liquidating Trust will file the Post-Confirmation Quarterly Reports as they become due until the Case is closed under section 350 of the Bankruptcy Code.

### 3. **Treatment of Priority Tax Claims**

The Proponents are not aware of any Priority Tax Claims.  To the extent any such Claims exist, in accordance with section 1129(a)(9)(C) of the Bankruptcy Code, except as otherwise agreed to by the parties, each holder of an Allowed Priority Tax Claim shall receive deferred Cash payments over a period not exceeding five (5) years from the Petition Date.  Payments shall be made in equal, quarterly installments and each installment shall include simple interest accrued on the unpaid portion of such Claim at the Judgment Rate per annum from and after the Effective Date; provided, however, that the Liquidating Trustee reserves the right to pay any Allowed Priority Tax Claim, or any remaining balance of such Allowed Claim, in full, at any time on or after the Effective Date without premium or penalty.  Notwithstanding the forgoing, any Allowed Priority Tax Claims that were secured by property of the Debtor, if not paid upon the closing of the sale of any property that secures such secured Priority Tax Claim, shall be paid in full on the Effective Date.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

19

**B.** **Classified Claims**

**1.** **Class 1 (Miscellaneous Secured Claims)**

Class 1 is Impaired under the Plan. As soon as practicable after the Liquidating Trust makes its election as set forth below, each Holder of an Allowed Miscellaneous Secured Claim, except to the extent that the Holder of a particular Claim has agreed to a different treatment, shall receive, at the election of the Liquidating Trust, in its sole discretion, one of the following treatments in full satisfaction, discharge, exchange and release of its Allowed Miscellaneous Secured Claim:

a. The Liquidating Trust shall transfer the collateral it owns and holds that secures such Allowed Miscellaneous Secured Claim to the Holder of the Claim in full satisfaction and release of such Claim;

b. The Liquidating Trust shall pay the Holder of the Allowed Miscellaneous Secured Claim cash equal to the amount of its Allowed Miscellaneous Secured Claim, or such lesser amount to which the Holder of such Claim shall agree, in full satisfaction and release of such Claim;

c. The Liquidating Trust shall reinstate the Allowed Miscellaneous Secured Claim in compliance with section 1124(2) of the Bankruptcy Code and shall not otherwise alter the legal, equitable, or contractual rights to which such claim entitles the Holder;

d. The Liquidating Trust shall pay the Holder of the Allowed Miscellaneous Secured Claim, on account of such Claim, deferred Cash payments, pursuant to section 1129(b)(2)(A)(i)(II) of the Bankruptcy Code, totaling at least the Allowed amount of such Claim, of a present value, as of the Effective Date, of at least the value of such Holder's interest in the Debtor's interest in property that serves as collateral for such Claim; or

e. The Liquidating Trust shall deliver to the Holder of the Allowed Miscellaneous Secured Claim the indubitable equivalent of such Claim.

The Liquidating Trust shall have ten (10) business days after the later of the Effective Date or the date upon which the Miscellaneous Secured Claim becomes and Allowed Miscellaneous Secured Claim to elect which treatment to provide to the Holder of such Allowed Miscellaneous Secured Claims but may make the election at any such earlier date as the Debtor deems appropriate. The Proponents are currently unaware of any Miscellaneous Secured Claims.

20

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2. **Class 1A (Wells Fargo Secured Claim)**

~~C.    Classification and Treatment of Wells Fargo Secured Claim~~

Class 1A is Unimpaired under the Plan.  The Liquidating Trust, on the later of (i) the Effective Date, and (ii) the fifteenth (15th) Business Day after such Wells Fargo Secured Claim becomes an Allowed Claim, or, in either case, as soon thereafter as is practicable, shall transfer collateral it owns and holds that secures the Allowed Wells Fargo Secured Claim up to an ~~anount~~ amount sufficient in value to satisfy the Allowed Wells Fargo Secured Claim to the Holder of the Wells Fargo Secured Claim in full satisfaction and release of such Claim.

**3.** ~~1.~~**Class 2 (Priority Non-Tax Claims)**

Class 2 is Unimpaired under the Plan.  Each Holder of an Allowed Class 2 Claim will be paid in Cash, in full, with interest at the Judgment Rate from the Petition Date to the date of Payment on the later of (i) the Effective Date, and (ii) the fifteenth (15th) Business Day after such Priority Non-Tax Claim becomes an Allowed Priority Claim, or, in either case, as soon thereafter as is practicable.

**4.**    ~~2.~~**Class 3 (General Unsecured Claims)**

Class 3 is Impaired under the Plan.  The Allowed Class 3 Claims will be satisfied as follows:

a.    On the later of (i) the Effective Date, and (ii) the fifteenth (15th) Business Day after such General Unsecured Claim becomes an Allowed Claim, or, in either case, as soon thereafter as is practicable, the Liquidating Trustee will distribute Available Cash to the Holders of Allowed Class 3 Claims on a *Pro Rata* basis;

b.    If at any time after the Effective Date the Liquidating Trust is holding more than $1,000,000 in Available Cash or at such times as instructed by the SDH Trust Committee (unless such instruction is determined by the Court on motion by the Liquidating Trust to be unreasonable), the Liquidating Trustee will distribute the Available Cash to the Holders of Allowed Class 3 General Unsecured Claims on a *Pro Rata* basis, provided, however, the Liquidating Trustee will not pay the Holders of the Allowed General Unsecured Claims more than the full amount of the Allowed General Unsecured Claims plus interest calculated on the balance of the Allowed General Unsecured Claims at the Judgment Rate from the Effective Date through the date the Allowed General Unsecured Claims are paid in full; and

21

c.    Upon the resolution of all Claims and litigation, and the liquidation of all Liquidating Trust Assets, the Liquidating Trustee shall distribute all Cash remaining in the Liquidating Trust by making a final distribution to the Holders of Allowed Class 3 General Unsecured Claims, provided, however, the Liquidating Trustee will not pay the Holders of the Allowed General Unsecured Claims more than the full amount of the Allowed General Unsecured Claims plus interest calculated on the balance of the Allowed General Unsecured Claims at the Judgment Rate from the Effective Date through the date the Allowed General Unsecured Claims are paid in full.

**5.    ~~3.~~Class 4 (CMS Claim)**

Class 4 is Impaired under the Plan.  CMS, the Holder of the Allowed Class 4 Claim, if CMS agrees to the terms of proposed settlement, will have a bifurcated Claim.  (a) a General Unsecured Claim in an amount equal to the aggregate amount of the Allowed Class 3 Claims, (the "Tier One CMS Claim") and (b) a Subordinated Claim for the balance.  The Tier One CMS Claim will be paid *Pro Rata* with Class 3 until all Class 3 Claims and the Tier One CMS Claim are paid in full with interest at the Judgment Rate.  The CMS Subordinated Claim will be paid all Cash remaining after payment in full of all other Allowed Claims, the expenses of the Liquidating Trust, and the expenses of the SDH Trust Committee.[2]

If CMS does not agree to the proposed treatment of its Claim as set forth above~~, the Debtor, the Committee, or both will file a motion to estimate the CMS Claim for distribution purposes and the CMS Claim, once estimated~~ or to such other treatment on terms and conditions acceptable to the United States, the Debtor and the Committee, then the Debtor and/or the Committee or the Liquidating Trustee, as the case may be, will file an objection to the CMS Claim, which upon becoming an Allowed Claim, will be paid *Pro Rata* with Allowed Class 3 Claims.

---

[2] Liquidating Trustee will not pay CMS on its Subordinated Claim more than the full amount of the Allowed CMS Subordinated Claim plus interest calculated on the balance of the Allowed CMS Subordinated Claim at the Judgment Rate from the Effective Date through the date the Allowed CMS Subordinated Claim is paid in full.

~~DOCS_LA:266286.9~~DOCS_LA:266286.10 76892/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# V.

## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**A.    Rejection of Executory Contracts and Unexpired Leases**

Each executory contract or unexpired lease of the Debtor that (i) has not expired by its own terms before the Effective Date, (ii) previously has not been assumed or rejected by the Debtor, (iii) is not the subject of a pending motion to assume or reject that has been Filed and served prior to the Confirmation Date, or (iv) does not constitute a contract of insurance in favor of, or that benefits, the Debtor or the Liquidating Trust is rejected as of the Effective Date pursuant to section 365 of the Bankruptcy Code.  The Confirmation Order shall constitute an order of the Bankruptcy Court approving such rejection as of the Effective Date.

Nothing in the Plan, any Exhibit to the Plan, or any document executed or delivered in connection with the Plan or any such Exhibit creates any obligation or liability on the part of the Debtor, the Liquidating Trust, or any other Person that is not currently liable on such obligation, with respect to any executory contract or unexpired lease.

**B.    Bar Date for Rejection Damages**

If the rejection of an executory contract or unexpired lease pursuant to the Plan and the Confirmation Order gives rise to a Claim by the other party or parties to such contract or lease, such Claim shall be forever barred and shall not be enforceable against the Debtor, the Estate, or the Liquidating Trust unless a proof of Claim is Filed and served on the Debtor or the Liquidating Trust, as the case may be, and its counsel within **thirty (30) days after the entry of the Confirmation Order**.  All such Claims for which proofs of Claim are required to be Filed, if Allowed, will be, and will be treated as, General Unsecured Claims, subject to the provisions of the Plan.

As soon as practicable after the entry of the Confirmation Order, but no later than ten (10) days thereafter, the Proponents shall File and serve on each non-Debtor counterparty to a contract or lease the rejection of which is approved by the Confirmation Order a written notice of the bar date for rejection Claims.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

23

## C.    **Insurance Policies**

For the avoidance of doubt, the Debtor's rights with respect to all insurance policies under which the Debtor may be beneficiaries (including all insurance policies that may have expired prior to the Petition Date, all insurance policies in existence on the Petition Date, all insurance policies entered into by the Debtor after the Petition Date, and all insurance policies under which the Debtor holds rights to make, amend, prosecute and benefit from claims), are either retained by the Liquidating Trust or cancelled, in the Liquidating Trustee's discretion (with the advice of the SDH Trust Committee), after the Effective Date until its dissolution.  Upon the Effective Date, any existing insurance policies that can be assigned and all proceeds of such policies will be transferred or assigned by the Debtor to the Liquidating Trust pursuant to this Plan.  Notwithstanding any provision providing for the rejection of executory contracts, any insurance policy that is deemed to be an executory contract shall neither be rejected nor assumed by operation of this Plan and shall be the subject of a specific motion by the Liquidating Trust or the Liquidating Trustee, as the case may be, who shall retain the right to assume or reject any such executory contracts pursuant to and subject to the provisions of section 365 of the Bankruptcy Code following the Effective Date.

### VI.

### **MEANS FOR EXECUTION AND IMPLEMENTATION OF THE PLAN**

## A.    **Implementing Actions In General; Conditions to the Effective Date**

As a condition to effectiveness of the Plan, the following must occur:

(i)    the Confirmation Order shall have become a Final Order; provided, however, at the option of the Proponents, the Confirmation Order, if it is subject to a pending appeal or certiorari proceeding, may be considered a Final Order provided no court of competent jurisdiction has entered an order staying the effect of the Confirmation Order;

(ii)    the Liquidating Trust Agreement is final and approved and the Liquidating Trustee has been selected;

(iii)    all actions, documents and agreements necessary to implement the Plan will have been effected or executed;

24

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

(iv)    the Debtor will have received all authorizations, consents, rulings, opinions or other documents that are determined by the Proponents to be necessary to implement the Plan; and

(v) the sale of the Debtor's Real Property shall have closed.

The Plan will not be consummated or become binding unless and until the Effective Date occurs, which shall in all events occur prior to the date that is 90 days following entry of the Confirmation Order, unless the Confirmation Order is stayed or an order of the Court extending the Effective Date for good cause shown is entered pursuant to a motion seeking such extension that was filed prior to the expiration of said 90 day period.

The Proponents may in their reasonable discretion waive any of the conditions to the Effective Date except condition (i) without notice and a hearing.  Unless the condition is waived as set forth above, the failure to satisfy any condition may be asserted by the Proponents as a basis to allege that the Effective Date has not occurred regardless of the circumstances giving rise to the failure of such condition to be satisfied (including, without limitation, any act, action, failure to act, or inaction by the Debtor).  If the Proponents fail to assert the non-satisfaction of any such conditions, such failure will not be deemed a waiver of any other rights hereunder.

As soon as practicable after the occurrence of the Effective Date, but no later than ten (10) days thereafter, the Liquidating Trust shall File and serve on each Holder of a Claim a written notice of occurrence of Effective Date.

**B.    Debtor's Authority**

Upon the Effective Date, all transactions and applicable matters provided for under the Plan will be deemed to be authorized and approved by the Debtor without any requirement of further action by the Court, the Debtor or the Debtor's board of directors.

**C.    Dissolution of the Debtors and Termination of Current Officers, Directors, Employees and Counsel**

From and after the Effective Date, the Debtor shall be dissolved and the Liquidating Trustee shall be authorized to take all action necessary to dissolve the Debtor.

DOCS_LA:266286.9 DOCS_LA:266286.10 76892/001

On the Effective Date, the employment, retention, appointment and authority of all officers, directors, employees and professionals of the Debtor shall be deemed to terminate. No compensation will be paid to insiders of the Debtor after the Effective Date unless, in the sole discretion of the Liquidating Trustee with the advice of the SDH Trust Committee, the Liquidating Trust retains an insider for assistance in the liquidation of the Liquidating Trust Assets or resolution of the claims filed against the Debtor.

**D.    Liquidating Trust**

**1.    Effectiveness of the Liquidating Trust**

On the Effective Date the Liquidating Trust Agreement, **Exhibit B** hereto, which will be Filed by the Exhibit Filing Date, will become effective.  The Liquidating Trust is organized and established as a trust for the benefit of the Beneficiaries and is intended to qualify as a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d).  The Liquidating Trust shall not terminate until all Liquidating Trust Expenses of the Liquidating Trust and the SDH Trust Committee have been satisfied and all the remaining Liquidating Trust Assets have been disbursed to Beneficiaries.  Richard Kipperman has been selected by the Committee to serve as the initial Liquidating Trustee.

**2.    Beneficiaries**

In accordance with Treasury Regulation Section 301.7701-4(d), the Beneficiaries of the Liquidating Trust will be the Holders of all Allowed Claims against the Debtor whose Allowed Claims have not been previously satisfied in full.  Each such Holder of an Allowed Claim will receive its share of the Liquidating Trust Assets as provided for in the Plan and the Liquidating Trust Agreement.  The Beneficiaries of the Liquidating Trust shall be treated as the grantors and owners of such Beneficiaries' respective portions of the Liquidating Trust.  Nothing in this Plan is intended to or does affect the rights of a Holder of an Claim to transfer that Claim before or after the Effective Date.

**3.    Implementation of the Liquidating Trust**

On the Effective Date, the Debtor shall take all such actions as are required to transfer from the Debtor all of the Debtor's Assets to the Liquidating Trust.  From and after the Effective Date, the

Liquidating Trustee will be authorized to, and will take all such actions as required to implement the Liquidating Trust Agreement and the provisions of the Plan as are contemplated to be implemented by the Liquidating Trustee, including, without limitation, directing and causing Distributions to be made to Holders of Allowed Claims pursuant to the terms of the Plan, objecting to Claims, and prosecuting, determining not to prosecute or otherwise resolving any Causes of Action, subject to the oversight, direction and approval of the SDH Trust Committee as set forth in the Liquidating Trust Agreement.

In the event that the Liquidating Trustee cannot take any action, including, without limitation, the prosecution of any Causes of Action or the objection to any Claim, by reason of an actual or potential conflict of interest or in the event the Liquidating Trustee disagrees with the directions of the SDH Trust Committee (discussed below), the SDH Trust Committee acting by a majority is authorized to take any such action(s) in his place and stead, including without limitation, the retention of professionals (which may include professionals retained by the Liquidating Trustee) for such purpose of taking such actions.

### 4. Transfer of Debtor's Assets

On the Effective Date, the Debtor is authorized and directed to transfer, grant, assign, convey, set over, and deliver to the Liquidating Trust all of the Debtor's right, title and interest in and to the remaining Debtor's Assets, including, without limitation, all Cash, free and clear of all liens, claims, encumbrances or interests of any kind in such Debtor's Assets, except as otherwise expressly provided in the Plan. To the extent required to implement the transfer of the Debtor's Assets from the Debtor to the Liquidating Trust, all Persons will cooperate with the Debtor to assist the Debtor to implement said transfers.

### 5. Vesting of Assets

Unless otherwise expressly provided under this Plan, on the Effective Date, all of the Debtor's Assets will vest in the Liquidating Trust free and clear of all claims, liens, encumbrances, charges and other interests, subject to the provisions of the Plan. On and after the Effective Date, the transfer of the Debtor's Assets to the Liquidating Trust will be deemed final and irrevocable and Distributions will be made from the Liquidating Trust.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

27

In connection with the foregoing:

(a)     On the Effective Date, the appointment of the Liquidating Trustee shall become effective and the Liquidating Trustee shall begin to administer the Liquidating Trust pursuant to the terms of the Liquidating Trust Agreement and the Plan and may use, acquire and dispose of the Liquidating Trust Assets free of any restrictions imposed under the Bankruptcy Code.

(b)     The Confirmation Order will provide the Liquidating Trustee with express authority to convey, transfer and assign any and all of the Liquidating Trust Assets in accordance with the terms of this Plan and the Liquidating Trust Agreement and to take all actions necessary to effectuate same and to prosecute or not prosecute, as the Liquidating Trustee deems appropriate, any and all objections to Claims or Causes of Action.

(c)     As of the Effective Date, the Liquidating Trust Assets will be free and clear of all liens, claims and interests of Holders of Claims, except as otherwise provided in the Plan.

**6.     Funding of the Liquidating Trust**

The funding of the Liquidating Trust for the payments to be made to Holders of Allowed Claims under the Plan and the payment of Post-Effective Date Expenses will be from (a) the Debtor's Cash on hand as of the Effective Date and proceeds from the investment of such Cash, and (b) the proceeds of the liquidation by the Liquidating Trustee of any other Liquidating Trust Assets.

**7.     No Liability of Liquidating Trustee**

**To the maximum extent permitted by law, the Liquidating Trustee and the Liquidating Trustee's Agents will not have or incur liability to any Person for an act taken or omission made in good faith in connection with or related to the administration of the Liquidating Trust Assets, the implementation of the Plan and the Distributions made thereunder.  The Liquidating Trustee and the Liquidating Trustee's Agents will in all respects be entitled to reasonably rely on the advice of counsel with respect to their duties and responsibilities under the Plan and the Liquidating Trust Agreement.  Entry of the Confirmation Order constitutes a judicial determination that the exculpation provision contained in Section VIII.A. of the Plan**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

28

is necessary, *inter alia*, to facilitate Confirmation and feasibility of the Plan and to minimize potential claims arising after the Effective Date for indemnity, reimbursement or contribution from the Liquidating Trust or the Liquidating Trust Assets. The Confirmation Order's approval of the Plan also constitutes a *res judicata* determination of the matters included in the exculpation provisions of the Plan.

Notwithstanding the foregoing, nothing herein or in Section VIII.A. of the Plan will alter any provision in the Liquidating Trust Agreement that provides for the potential liability of the Liquidating Trustee to any Person.

### 8. Funding of the Liquidating Trust's Liquidating Trust Expenses

All expenses related to implementation of the Plan incurred from and after the Effective Date will be expenses of the Liquidating Trust, and the Liquidating Trustee will disburse funds from the Liquidating Trust Assets, as appropriate, for purposes of paying the Liquidating Trust Expenses without the need for any further Order of the Court. The Liquidating Trust Expenses shall include, but are not limited to (a) actual costs and expenses of the members of the SDH Trust Committee incurred in connection with their duties as members of the SDH Trust Committee, (b) the fees and expenses of (i) the Liquidating Trustee, (ii) the attorneys or any other professionals retained by the SDH Trust Committee, and (iii) the attorneys and other professionals retained by the Liquidating Trustee, and (c) other expenses of the Liquidating Trust, if any, until the Liquidating Trust is dissolved.

### 9. Provisions Relating to Federal Income Tax Compliance

A transfer to the Liquidating Trust shall be treated for all purposes of the Internal Revenue Code of 1986, as amended (the "Internal Revenue Code"), as a transfer to Creditors to the extent Creditors are beneficiaries of the Liquidating Trust. For example, such treatment shall apply for purposes of sections 61(a)(12), 483, 1001, 1012, and 1274 of the Internal Revenue Code. Any such transfers shall be treated for federal income tax purposes as a deemed transfers to the Beneficiaries/Creditors followed by deemed transfers by the Beneficiaries/Creditors to the Liquidating Trust. The Beneficiaries shall be treated for federal income tax purposes as the grantors and deemed owners of the Liquidating Trust.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

29

**E.      The SDH Trust Committee**

As provided herein and in the Liquidating Trust Agreement, as of the Effective Date, there will be formed the SDH Trust Committee that will have consultation, approval and information rights with respect to the Liquidating Trust as set forth in the Liquidating Trust Agreement.  The initial members of the SDH Trust Committee will be as follows: Brookwood Crossroads Investors, LLC, ~~Inc.,~~ represented by Evelyn M. Murphy; Medline Industries, Inc., represented by Shane Reed; Outcome Resources LLC, represented by Martin McDonough; GlenBrook Skilled Nursing, represented by Darolyn Jorgensen-Kares; and Departure, represented by Emily Rex.

The SDH Trust Committee will prescribe its own rules of procedure and bylaws; provided, however, that such rules of procedure and bylaws will not be inconsistent with the terms of the Plan or the Liquidating Trust Agreement.  If an SDH Trust Committee member assigns its Claim in full or releases the Debtor or Liquidating Trust from payment of the balance of its Claim, such act will constitute a resignation from the SDH Trust Committee.  Until a vacancy on the SDH Trust Committee is filled, the SDH Trust Committee will function in its reduced number.  The SDH Trust Committee's rules of procedure may provide that, in the event any member of the SDH Trust Committee resigns or otherwise is unable to serve subsequent to the Effective Date, the SDH Trust Committee may appoint a replacement that represents, to the greatest extent practicable, the same interests that were represented by the departing member and has the capacity and competency to serve in place of the resigned or deceased member without approval by the Bankruptcy Court.

Except for the reimbursement of reasonable actual costs and expenses incurred in connection with their duties as members of the SDH Trust Committee, the members of the SDH Trust Committee will serve without compensation.  Reasonable expenses incurred by members of the SDH Trust Committee may be paid by the Liquidating Trust without need for Bankruptcy Court approval.

The SDH Trust Committee will have authority to employ, at the expense of the Liquidating Trust, counsel or any other professionals.

**The SDH Trust Committee and its members will not be liable for any act any member may do or fail to do as a member of the SDH Trust Committee while acting in good faith and in the exercise of the member's best judgment.  No member of the SDH Trust Committee will**

~~DOCS_LA:266286.9~~ DOCS_LA:266286.10 76892/001

**be liable in any event for claims, liabilities or damages unless they arise from such member's personal gross negligence or willful misconduct.**

The SDH Trust Committee will dissolve upon the completion of all distributions to Beneficiaries of the Liquidating Trust and the termination of that Liquidating Trust in accordance with the terms of the Plan and the Liquidating Trust Agreement.

**F.    Representative of the Estate**

The Liquidating Trustee from the Effective Date until the Liquidating Trust is terminated will be appointed as the representative the Estate pursuant to sections 1123(a)(5), (a)(7) and (b)(3)(B) of the Bankruptcy Code and as such will be vested with the authority and power to *inter alia*: (i) object to Claims against the Debtor; (ii) administer, investigate, prosecute, and settle or abandon all Causes of Action; (iii) make Distributions provided for in the Plan, including, but not limited to, on account of Allowed Claims; and (iv) take such action as required to administer, wind-down, and close the Case.  As the representative of the Estate, the Liquidating Trustee will succeed to all of the rights and powers of the Debtor and the Estate with respect to all Assets transferred to the Liquidating Trust and then the Liquidating Trustee, as of the Effective Date, will be substituted and will replace the Debtor and the Estate, as the party in interest in any litigation pending as of the Effective Date.

**G.    The Committee**

The Committee shall continue in existence until the Effective Date.  As of Effective Date, the Committee shall terminate and disband and the members of the Committee and the Committee shall be released and discharged of and from all further authority, duties, responsibilities and obligations related to and arising from their service as Committee members.

**H.    Earmarked Charitable Donations**

Donations that were made to the Debtor and that the Debtor holds as of the Effective Date that were earmarked for a special purpose by the donor (the "Earmarked Charitable Donations") shall be under the control of the Liquidating Trust from and after the Effective Date.  The Liquidating Trustee shall use the Earmarked Charitable Donations in accordance with the directions from the California Attorney General.

31

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**I.    Unrestricted Charitable Donations**

Donations that were made to the Debtor and that the Debtor holds as of the Effective Date that were not earmarked for a special purpose by the donor (the "Unrestricted Charitable Donations") shall be under the control of the Liquidating Trust from and after the Effective Date. The Unrestricted Charitable Donations will become part of the Liquidating Trust Assets and can be utilized by the Liquidating Trustee to pay the Liquidating Trust Expenses and for Distributions to Beneficiaries.

**J.    Provisions Governing Distributions**

**1.    Disbursing Agent**

The Liquidating Trustee, after the Effective Date until the Liquidating Trust terminates, will serve as the Disbursing Agent under the Plan or shall select another entity to serve as the Disbursing Agent.  Any entity other than the Liquidating Trustee that acts as a Disbursing Agent for the Liquidating Trust will be an agent of the Liquidating Trustee and not a separate taxable entity with respect to, for example, the assets held, income received or disbursements or Distributions made for the Liquidating Trustee.  The Liquidating Trustee will not be required to provide a bond in connection with the making of any distributions pursuant to the Plan.

The Disbursing Agent will make all Distributions required under this Plan.  The Disbursing Agent shall be authorized to implement such procedures as it deems necessary to make Distributions pursuant to this Plan so as to efficiently and economically assure prompt and accurate Distributions.

**2.    The Source of Distributions**

The sources of all Distributions and payments made by the Liquidating Trustee under the Plan will be Cash that vests in the Liquidating Trust as of the Effective Date and proceeds from the investment of Cash, the liquidation by the Liquidating Trust of any non-Cash Liquidating Trust Assets, and any proceeds from the investment of the Liquidating Trust Assets.  Prior to any Distribution to any Holders of Allowed Claims under the Plan, the Liquidating Trustee shall establish and fund the Liquidating Trust Expense Reserve and thereafter maintain sufficient funds therein to satisfy the anticipated ongoing Liquidating Trust Expenses of the Liquidating Trust.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

The sources of all Distributions and payments made by the Liquidating Trustee under the Plan and the Liquidating Trust Agreement will be the Liquidating Trust Assets.

A chart of the sources and uses of funds will be filed by the Exhibit Filing Date as Plan **Exhibit C**.

### 3. Distribution Dates

The date of the initial Distribution by the Liquidating Trust shall be on the Effective Date or as soon thereafter as is practicable.  Each subsequent Distribution Date shall be as set forth in Sections IV.B.3.b. and c. and IV.B.4.

### 4. Manner of Cash Payments

Distributions made pursuant to the Plan will be in United States funds, by check drawn on a domestic bank, or, if the Liquidating Trustee so elects in its discretion for Distributions to certain large Creditors, by wire transfer from a domestic bank.

### 5. Setoff and Recoupment

**Notwithstanding anything to the contrary in the Plan, the Liquidating Trustee may set off, recoup, or withhold against the Distributions to be made on account of any Allowed Claim any Claims or Causes of Action that the Debtor or the Estate held against the entity holding the Allowed Claim.  The Debtor, the Estate, and the Liquidating Trust will not waive or release any Claim or Cause of Action against those entities by failing to effect such a setoff or recoupment, by failing to assert any such matter prior to Confirmation or the Effective Date, by allowing any Claim against the Debtor or the Estate, or by making a Distribution on account of an Allowed Claim.**

### 6. No *De Minimis* Distributions

Notwithstanding anything to the contrary in this Plan, no Distribution of less than $20.00 will be made to any Holder of an Allowed Claim on account thereof.  No consideration will be provided in lieu of the *de minimis* Distributions that are not made under this Section.

### 7. Fractional Cents

When any payment of a fraction of a cent would otherwise be called for, the actual payment will reflect a rounding of such fraction to the nearest whole cent (rounding down in the case of less

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

33

than $0.005 and rounding up in the case of $0.005 or more); provided, however, that, in no event, will a Distribution of less than $20.00 will be made to any Holder of an Allowed Claim on account thereof as set forth above.

**8.      No Distributions with Respect to Disputed Claims**

Notwithstanding any other Plan provision, no Distributions will be made on account of a Disputed Claim.  Distribution on a Disputed Claim will be made when the Disputed Claim becomes or is deemed to be an Allowed Claim for purposes of Distributions.

**9.      Undeliverable or Unclaimed Distributions**

Distributions to entities holding Allowed Claims will initially be made by mail as follows:

(a)      Distributions will be sent to the address, if any, set forth on a filed proof of claim as amended by any written notice of address change received by the Debtor prior to the Effective Date or Liquidating Trustee no later than ten (10) Business Days prior to the date of any Distribution; or

(b)      If no such address is available, Distributions will be sent to the address set forth on the Schedules or address otherwise readily obtainable by a cursory review of the Debtor's other books and records.

If no address is available either on a proof of claim or on the Schedules or on the Debtor's other books and records after a cursory review, the Distribution will be deemed to be undeliverable. If a Distribution is returned to the Liquidating Trustee as an undeliverable Distribution or is deemed to be an undeliverable Distribution, the Liquidating Trustee will not make any further Distribution to the Holder of the Claim on which the Distribution is being made, except as provided below.

Any entity that is otherwise entitled to an undeliverable Distribution and that does not, within 45 days after a Distribution is returned as undeliverable, provide the Liquidating Trustee with a written notice asserting its claim to or interest in that undeliverable Distribution and setting forth a current, deliverable address will be deemed to waive any claim to or interest in that undeliverable Distribution and will be forever barred from receiving that undeliverable Distribution or asserting any Claim against the Debtor, the Estate, the Liquidating Trust or their respective property.  Any undeliverable Distributions that are not claimed hereunder will be distributed to other Holders of

34

Allowed Claims pursuant to the terms of the Plan. If after the occurrence of the Effective Date, any amount of undeliverable Distributions remains undistributed after all Holders of Allowed Claims have been paid and after all the Liquidating Trust Expenses have been paid in full, the balance of the funds available from undeliverable Distributions shall be donated as directed by the California Attorney General. Nothing herein requires the Liquidating Trustee to attempt to locate any entity holding an Allowed Claim whose distribution is undeliverable.

**10.    Distribution Checks Not Cashed**

If a Distribution check is not cashed within 90 days after it is mailed to the Holder of the Claim on which the Distribution is being made, the Liquidating Trustee will cancel payment on that check and will not make any further Distribution to the Holder of the Claim on which the Distribution is being made, except as provided below.

Any entity that is otherwise entitled to a Distribution but who failed to cash a Distribution check within the allotted time and that does not, within 45 days after payment on the Distribution check is cancelled, provide the Liquidating Trustee with a written notice asserting its claim to or interest in that cancelled Distribution check and setting forth a current, deliverable address will be deemed to waive any claim to or interest in that Distribution and will be forever barred from receiving that Distribution or asserting any Claim against the Debtor, the Estate, the Liquidating Trust or their respective property. Any Distributions that are not claimed hereunder will be distributed to other Holders of Allowed Claims pursuant to the terms of the Plan. Nothing herein requires the Liquidating Trustee to attempt to locate any entity holding an Allowed Claim whose Distribution check has been cancelled as provided herein.

**11.    Record Date**

The record date for purposes of Distributions under this Plan shall be the Confirmation Date. To determine the names of the Holders of Claims as of the Record Date, the Liquidating Trustee will rely on the proofs of Claim and transfers of such proofs of Claim filed in the Case.

**K.    Donation of Remaining Liquidating Trust Cash**

After all the Liquidating Trust Assets have been liquidated and all Allowed Claims have been fully satisfied as provided in this Plan, and all Liquidating Trust Expenses have been paid, all

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

remaining Cash held by the Liquidating Trust shall be donated as directed by the California Attorney General.

### VII.

### LITIGATION AND CLAIMS OBJECTIONS

**A.      Preservation of Rights of Action and Defenses**

Except as otherwise provided in the Plan, the Liquidating Trust shall retain all rights of the Debtor to commence and pursue, as appropriate, in any court or other tribunal including, without limitation, in an adversary proceeding filed in the Case, any and all Causes of Action, whether such Causes of Action accrued before or after the Petition Date, including, but not limited to, the actions specified in section VII.B. herein as well as those Causes of Action listed on **Exhibit A** to be filed by the Exhibit Filing Date.

Except as otherwise provided in the Plan, in accordance with section 1123(b)(3) of the Bankruptcy Code, any Claims, rights, and Causes of Action that the Debtor may hold against any Person shall, on the Effective Date, vest in the Liquidating Trust.  The Liquidating Trust shall retain and may exclusively enforce any and all such Claims, rights or Causes of Action, and commence, pursue and settle the Causes of Action in accordance with the Plan and the Liquidating Trust Agreement.  The Liquidating Trust shall have the exclusive right, authority, and discretion to institute, prosecute, abandon, settle, or compromise any and all such claims, rights, and Causes of Action without the consent or approval of any third party and without any further order of court.

The Proponents are currently investigating whether to pursue potential Causes of Action against any Creditors or other Persons.  The investigation has not been completed to date, and under the Plan, the Liquidating Trust retains the right on behalf of the Debtor to commence and pursue any and all Causes of Action.  Potential Causes of Action currently being investigated, which may, but need not, be pursued by the Debtor or the Committee before the Effective Date or by the Liquidating Trust after the Effective Date include, without limitation, the following Causes of Action:

- All actual or potential avoidance actions pursuant to any applicable section of the Bankruptcy Code including, without limitation, sections 544, 545, 547, 548, 549, 550, 551, 553(b) and/or 724(a) of the Bankruptcy Code, arising from any transaction involving or concerning the Debtor, and among others, without limitation, those entities listed on **Exhibit A-1** hereto, including, but not limited to, unauthorized postpetition transfers to

36

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

the Foundation or Scripps Health and prepetition transfers to the Foundation or Scripps Health for less than adequate consideration;

- All actual or potential actions, whether legal, equitable or statutory in nature, for, or in any way involving, the collection of accounts receivable or general ledger items that are due and owing to the Debtor by any Person (collectively, the "Accounts Receivable"), including, but not limited to, the Accounts Receivable owed by the Persons listed on **Exhibit A-2** hereto;

- All actual actions or potential actions, whether legal, equitable or statutory in nature, against vendors, including, but not limited to, those vendors listed on **Exhibit A-3** hereto, for overpayment, improper setoff, warranty, indemnity, retention of double payments, retention of mis-directed wires, deductions owing or improper deductions taken, claims for damages arising out of goods sold to the Debtor, or any other claim arising out of the vendor relationship;

- All actual or potential breach of contract actions against any counterparties to contracts or leases, including, but not limited to, those listed on **Exhibit A-4** hereto;

- All actual or potential actions, whether legal, equitable or statutory in nature, against the Debtor's current or former insurance carriers to recover unpaid reimbursements and claims, overpayment of premiums and fees, claims for breach of contract, indemnity obligations or coverage or similar Causes of Action, including, but not limited to, those insurers listed on **Exhibit A-5** hereto;

- All actual or potential Causes of Actions, whether legal, equitable or statutory in nature, against purchasers of assets from the Debtor relating to breach of the purchase agreement or unpaid compensation thereunder, including, but not limited to, those purchasers listed on **Exhibit A-6** hereto;

- All actions or potential actions, whether legal, equitable or statutory in nature, relating to deposits or other amounts owed by any creditor, lessor, utility, supplier, vendor, or other Person, including, but not limited to those Persons listed on **Exhibit A-7** hereto;

- All actions or potential actions, whether legal, equitable or statutory in nature, relating to environmental matters;

- Any litigation or lawsuit initiated by the Debtor that is currently pending, whether in the Bankruptcy Court, or any other court or tribunal or initiated against the Debtor after the Petition Date for which the Debtor may have counterclaims or other rights, including, but, not limited to, those actions listed on **Exhibit A-8** hereto;

- Potential actions against any of the prepetition directors, officers, employees, attorneys, financial advisors, accountants, investment bankers, agents and representatives of the Debtor including, but not limited to, those Persons on **Exhibit A-9** hereto for breaches of fiduciary duty, negligent mismanagement, wasting of corporate assets, and diversion of corporate opportunity;

- All actual or potential actions, whether legal, equitable or statutory in nature, against all Persons arising out of, or in connection with, any of the Debtor's prepetition management, operation and/or reporting of financial or other information, including, but not limited to, those Persons listed on **Exhibit A-10** hereto;

- All actions or potential actions, whether legal, equitable or statutory in nature, against any of the Debtor's current or former professionals for breach of fiduciary duty, breach of contract, negligence or professional misconduct or malpractice, or other tortuous conduct, including, but not limited to, those former professionals listed on **Exhibit A-11** hereto;

- All rights against any Person for subordination of its Claims pursuant to section 510(b) of the Bankruptcy Code;

- All actions or potential actions against the prepetition members of the Debtor's board of directors and/or officers including, without limitation, the right to equitably subordinate claims held by such directors and officers pursuant to section 510(c) of the Bankruptcy Code;

- All actual or potential actions, whether legal, equitable or statutory in nature, to recover amounts improperly awarded to employees under the terms of any prepetition employment arrangement or separation agreement;

- All actual or potential contract and tort actions that may exist or may subsequently arise;

- All actual or potential actions whether legal, equitable or statutory in nature, arising out of, or in connection with the Debtor's business or operations; and

- The action to substantively consolidate the Foundation with the Debtor.

The above categories of preserved of causes of action shall not be limited in any way by reference to **Exhibit A** nor are the categories intended to be mutually exclusive.

The Committee with the cooperation of the Debtor is currently investigating various potential Causes of Action against the Foundation, including, but not limited to, possible substantive consolidation, fraudulent conveyances, and the right to funds claimed by the Foundation and hereby preserve all such possible Causes of Action.  This statement is not intended to and in no way limits the preservation of any Causes of Actions against the Foundation or any other parties as set forth in this section.

In addition, there may be numerous other Causes of Action which currently exist or may subsequently arise that are not set forth herein, because the facts upon which such Causes of Action are based are not fully or currently known by the Proponents and, as a result, cannot be specifically

referred to herein (collectively, the "Unknown Causes of Action").  The failure to list any such Unknown Causes of Action herein, or on **Exhibit A** to be filed by the Exhibit Filing Date is not intended to limit the rights of the Liquidating Trust to pursue any Unknown Cause of Action to the extent the facts underlying such Unknown Cause of Action become fully known to the Debtor, the Committee or the Liquidating Trust.

Unless a Claim or Cause of Action against a Creditor or other Person is expressly waived, relinquished, released, compromised or settled in the Plan or any Final Order, the Debtor expressly reserves such Claim or Cause of Action for later adjudication by the Liquidating Trust (including, without limitation, Unknown Causes of Action), and, therefore, no preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable, or otherwise) or laches shall apply to such Claims or Causes of Action upon or after the Confirmation or Effective Date of the Plan based on the Disclosure Statement, the Plan or the Confirmation Order, except where such Claims or Causes of Action have been released in the Plan or other Final Order.

Any Person to whom the Debtor has incurred an obligation (whether on account of services, purchase or sale of goods or otherwise), or who has received services from the Debtor or a transfer of money or property of the Debtor, or who has transacted business with the Debtor should assume that such obligation, transfer, or transaction may be reviewed by the Liquidating Trust subsequent to the Effective Date and may, if appropriate, be the subject of an action after the Effective Date, whether or not (i) such Person has filed a proof of Claim against the Debtor in this Case; (ii) such Creditor's proof of Claim has been objected to; (iii) such Creditor's Claim was included in the Debtor's Schedules; or (iv) such Creditor's scheduled Claim has been objected to by the Debtor or has been identified by the Debtor as disputed, contingent, or unliquidated.

As of the Effective Date, subject to the Liquidating Trust Agreement, the Liquidating Trustee, on behalf of the Liquidating Trust, will be authorized to exercise and perform the rights, powers and duties held by the Debtor's Estate with respect to the rights, claims, causes of action, defenses, and counterclaims, including, without limitation, the authority under section 1123(b)(3) of the Bankruptcy Code to provide for the settlement, adjustment, retention and enforcement of claims

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

and interests of the Estate, without the consent or approval of any third party, and without any further order of the Bankruptcy Court.

The Liquidating Trustee, subject to the Liquidating Trust Agreement, from and after the Effective Date will make the decision of whether or not to pursue any Cause of Action.

**B.    Disputed Claims**

**1.    Disputed Claims Reserve**

On the Effective Date, the Liquidating Trust will establish a Disputed Claims Reserve from the Liquidating Trust's Assets on account of Disputed Claims.  The Disputed Claims Reserve will initially include cash in amounts sufficient to distribute to each holder of a Disputed Claim the amount estimated by the Debtor that the Holder of Disputed Claims would receive under the Plan if its Claim should ultimately become an Allowed Claim.

After any Disputed Claim becomes an Allowed Claim, the Disbursing Agent, within fifteen (15) Business Days after the Disputed Claim becomes an Allowed Claim, or as soon thereafter as is practicable, pay the amount of the Allowed Claim pursuant to the treatment of such Allowed Claim as provided in this Plan.

If a Disputed Claim (i) becomes a Disallowed Claim or (ii) becomes an Allowed Claim in an amount that would result in such Allowed Claim receiving less than the amount held in the Disputed Claims Reserve on account thereof, the excess attributable to the Claim's disallowed or expunged portion will be Available Cash.

After Final Orders have been entered, or other final resolutions have been reached, with respect to all Disputed Claims or the Liquidating Trust has obtained an Order of the Court setting a reduced dollar amount of required reserves, any remaining Cash held in the Disputed Claims Reserve will be Available Cash.

**2.    Objections to and Resolution of Disputed Claims**

On and after the Effective Date, the Liquidating Trust will have the right to make and file objections to any Claim of any nature and to prosecute, settle and/or withdraw such objections.  The Liquidating Trustee will have the authority to compromise, settle, withdraw or otherwise resolve any objections to a Claim without approval of the Bankruptcy Court; provided, however, that the the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

40

Liquidating Trustee may in its discretion seek relief before the Bankruptcy Court with respect to any Disputed Claim.  The Liquidating Trust will file and serve all objections to 503(b)(9) Claims, Priority Claims, and General Unsecured Claims upon the Holder of the Claim as to which the objection is made no later than 90 days after the Effective Date, provided, however, that nothing herein will reduce the time permitted under applicable statutes of limitation for bringing any affirmative Causes of Action that the Liquidating Trust may assert against any third party.  The Claim Objection Deadline may be extended only by an order of the Bankruptcy Court.

## VIII.

## OTHER PLAN PROVISIONS

**A.**      **Exculpation and Release of Committee and Its Professionals**

**Except to the extent arising from willful misconduct or gross negligence, any and all Claims, liabilities, causes of action, rights, damages, costs and obligations held by any party against the Committee and/or the individual members of the Committee (and their respective officers, directors, employees, affiliates and agents), and/or each of their respective attorneys, accountants, agents and other professionals, whether known or unknown, matured or contingent, liquidated or unliquidated, existing, arising or accruing, whether or not yet due in any manner related to the Postpetition administration of the Case, any Postpetition act or omission in connection with, arising out of, or related to the Case, or the formulation, negotiation, prosecution or implementation of the Plan, will be deemed fully waived, barred, released and discharged in all respects, except as to rights, obligations, duties, claims and responsibilities preserved, created or established by terms of this Plan.**

**Pursuant to section 1125(e) of the Bankruptcy Code, the Committee and its present and former members, and each of their respective affiliates, officers, directors, employees, agents, advisors, representatives, successors or assigns, and any Professionals employed by any of the foregoing Persons will neither have nor incur any liability to any Person for their role in soliciting acceptances of this Plan.**

41

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**B.    Injunction**

The Plan is the sole means for resolving, paying or otherwise dealing with Claims.  To that end, except as expressly provided in the Plan, at all times on and after the Effective Date, all Persons who have been, are, or may be Holders of Claims against the Debtor arising prior to the Effective Date, will be permanently enjoined from taking any of the following actions, on account of any such Claim, against the Debtor, the Estate, the Liquidating Trust, the Liquidating Trust or their respective property (other than actions brought to enforce any rights or obligations under the Plan):

(i)    commencing, conducting or continuing in any manner, directly or indirectly any suit, action, or other proceeding of any kind against the Debtor, the Estate, the Liquidating Trust, the Liquidating Trust, or the Liquidating Trustee, their successors, or their respective property or assets (including, without limitation, all suits, actions, and proceedings that are pending as of the Effective Date which will be deemed to be withdrawn or dismissed with prejudice);

(ii)    Enforcing, levying, attaching, executing, collecting, or otherwise recovering by any manner or means whether directly or indirectly any judgment, award, decree, or order against the Debtor, the Estate, the Liquidating Trust, the Liquidating Trust, or the Liquidating Trustee, their successors, or their respective property or assets;

(iii)    creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any lien, security interest or encumbrance against the Debtor, the Estate, the Liquidating Trust, the Liquidating Trust, or the Liquidating Trustee, their successors, or their respective property or assets; and

(iv)    proceeding in any manner in any place whatsoever against the Debtor, the Estate, the Liquidating Trust, the Liquidating Trust, or the Liquidating Trustee, their successors, or their respective property or assets, that does not conform to or comply with the provisions of the Plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

42

Nothing in this Section VIII. A. or the Confirmation Order shall enjoin or act to enjoin (a) the Liquidating Trustee from pursuing any claim, right or Cause of Action preserved under the terms of this Plan as set forth above in Section VII.A or (b) the United States from seeking to remove the reference from the Bankruptcy Court to the United States District Court for the Southern District of California with respect to any objection to the allowance of the CMS Claim.

**C.      Nondischarge of the Debtor**

In accordance with section 1141(d)(3) of the Bankruptcy Code, the Confirmation Order will not discharge Claims.  However, no Holder of a Claim may receive any payment from, or seek recourse against, any Assets that are to be distributed under the Plan other than Assets required to be distributed to that Holder pursuant to the Plan**.**

**D.      Remedy in Event of Default Under the Plan**

If there is a material default at any time during the term of this Plan by the Liquidating Trustee in the performance of any of the duties or obligations of the Liquidating Trust under the Plan, any Creditor that is damaged by such failure may pursue its remedies in any court of competent jurisdiction, including, but not limited to, filing a motion to dismiss or convert this Case.

**E.      Entry of Final Decree**

Promptly following the liquidation of all of the non-cash Liquidating Trust Assets and the completion of all Distributions to the Holders of the Allowed Claims, the Liquidating Trust will file a motion with the Bankruptcy Court to obtain entry of a final decree closing the Debtor's Case. After entry of the final decree, the Liquidating Trustee, on behalf of the Liquidating Trust, will be authorized in its sole and absolute discretion to discard or destroy any and all pre-Effective Date books and records of the Debtor in the Liquidating Trust's custody or control.  The Liquidating Trustee will continue to preserve the post-Effective Date books and records subject to further Bankruptcy Court order.

**F.      Post-Effective Date Quarterly Reports and Fees**

From and after the Effective Date, the Liquidating Trustee, on behalf of the Liquidating Trust, shall File all required Quarterly Reports if any, and serve the Quarterly Report on the U.S. Trustee and shall pay all U.S. Trustee Fees if any.

43

**G.    Exemption from Stamp, Transfer and Other Taxes**

Pursuant to section 1146(c) of the Bankruptcy Code, the issuance, transfer, or exchange of assets under the Plan by the Debtor, the creation of any mortgage, deed of trust, or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or instrument of transfer under, in furtherance of, or in connection with the Plan, will not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

**H.    Withholding and Reporting Requirements**

In connection with the consummation of the Plan, the Liquidating Trust will comply with all withholding and reporting requirements imposed by any federal, state, local or foreign taxing authority and all Distributions hereunder will be subject to any such withholding and reporting requirements.  The Liquidating Trust may reasonably request tax reporting information from persons entitled to receive Distributions under the Plan and may withhold the payment of such Distributions pending the receipt of such tax reporting information.

**I.    Pre-Confirmation Injunction and Stays**

Unless otherwise provided, all injunctions or stays arising under or entered during the Case pursuant to sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, will remain in full force and effect until the Effective Date at which time the injunction contained in Section VIII.A shall become effective.

**J.    Retention of Jurisdiction**

After Confirmation of the Plan and occurrence of the Effective Date, the Bankruptcy Court will retain such jurisdiction as is legally permissible, including for the following purposes:

1.    To resolve any and all disputes regarding the operation and interpretation of the Plan or the Confirmation Order;

2.    To determine the allowability, classification, or priority of any Claim or interest, based on any objection by the Debtor, the Liquidating Trust, or by other parties in interest with standing to bring such objection or proceeding, provided, however, this provision in no way affects the right of the United States to seek a withdrawal of the reference on any objection that is

44

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

filed to the CMS Claim and provided, further, that this provision is not intended to expand the Bnakruptcy Court's jurisdiction;

3.      To determine the extent, validity, and priority of any lien asserted against property of the Debtor, property of the Estate, or the Liquidating Trust Assets;

4.      To construe and to take any action to (a) enforce and execute the Plan, the Confirmation Order, and any other order of the Bankruptcy Court; (b) issue such orders as may be necessary for the implementation, execution, performance, and consummation of the Plan, the Confirmation Order and all matters referred to in the Plan and the Confirmation Order; and (c) determine all matters that may be pending before the Bankruptcy Court in this Case on or before the Effective Date with respect to any Person;

5.      To determine any and all applications for allowance of compensation and reimbursement of expenses of Professionals for periods on or before the Effective Date;

6.      To determine any other request for payment of administrative expenses;

7.      To resolve any dispute regarding the implementation, execution, performance, consummation, or interpretation of the Plan or the Confirmation Order;

8.      To determine motions for the rejection, assumption, or assignment of executory contracts or unexpired leases and the allowance of any Claims resulting therefrom;

9.      To adjudicate all adversary proceedings and contested matters, if any, initiated by the Liquidating Trust to pursue retained causes of action;

10.     To determine all applications, motions, adversary proceedings, contested matters, and any other litigated matters commenced during the Case whether before, on, or after the Effective Date;

11.     To determine such other matters and for such other purposes as may be provided in the Confirmation Order;

12.     To modify the Plan under section 1127 of the Bankruptcy Code in order to remedy any apparent defect or omission in the Plan or to reconcile any inconsistency in the Plan so as to carry out its intents and purposes;

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

13.     To issue injunctions or take such other actions or issue such other orders as may be necessary or appropriate to restrain interference with the Plan or the Confirmation Order or their implementation by any person or entity;

14,     To issue such orders as may be appropriate in the event that the Confirmation Order is, for any reason, stayed, revoked, modified, reversed or vacated; and

15.     To issue such orders in aid of consummation of the Plan and the Confirmation Order, notwithstanding any otherwise applicable nonbankruptcy law, with respect to any person or entity, to the full extent authorized by the Bankruptcy Code or Bankruptcy Rules.

**K.     Successors and Assigns**

The rights, benefits and obligations of any entity named or referred to in the Plan are binding on, and will inure to the benefit of, any permitted heirs, executors, administrators, successors or assigns of such entity.

**L.     Modification or Withdrawal of the Plan**

In accordance with section 1127 of the Bankruptcy Code, the Proponents reserve the right to alter, amend, modify, revoke or withdraw the Plan or any Plan exhibit or schedule, including amending or modifying it to satisfy the requirements of the Bankruptcy Code.  The Proponents reserve the right to withdraw the Plan before the Confirmation Date. Any such modifications or withdrawal can only be accomplished by the agreement of both Proponents.  If, prior to the Confirmation of the Plan, the Proponents disagree regarding modifications to or withdrawal of the Plan, either may withdraw as a proponent of the Plan and the remaining Proponent will become the sole proponent of the Plan and the confirmation process will continue.

**M.     Severability of Plan Provisions**

If, before Confirmation, the Bankruptcy Court holds that any Plan term or provision is invalid, void, or unenforceable, the Bankruptcy Court may alter or interpret that term or provision so that it is valid and enforceable to the maximum extent possible consistent with the original purpose of that term or provision, so long as such alternative interpretation does not materially alter the rights, remedies and distributions under the Plan of parties in interest in this Case.  That term or provision will then be applicable as altered or interpreted.  Notwithstanding any such holding,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

46

alteration, or interpretation, the Plan's remaining terms and provisions will remain in full force and effect and will in no way be affected, impaired, or invalidated.  The Confirmation Order will constitute a judicial determination providing that each Plan term and provision, as it may have been altered or interpreted in accordance with this Section, is valid and enforceable under its terms.

**N.**    **Exhibits**

Any Exhibits to the Plan that are not filed with the Plan will be Filed not later than the Exhibit Filing Date.  Copies of all such Exhibits not filed and served with the Plan will not be served by any method other than ECF, but will be available upon written request to the Debtor's or the Committee's counsel.

**O.**    **No Admission**

Except as specifically provided in the Plan, nothing contained in the Plan shall be deemed or construed in any way as an admission by the Debtor, the Estate or the Committee with respect to any matter set forth in the Plan , including the amount or allowability of any Claim, or the value of any property of the Estate.

Notwithstanding anything to the contrary in the Plan, if the Plan is not confirmed or the Effective Date does not occur, the Plan will be null and void, and nothing contained in the Plan will: (a) be deemed to be an admission by the Debtor or the Committee with respect to any matter discussed in the Plan, including liability on any Claim or the propriety of any Claim's classification; (b) constitute a waiver, acknowledgement, or release of any Claims or any claims held by the Debtor; or (c) prejudice in any manner the rights of the Debtor, the Estate, or the Committee in any further proceedings.

**P.**    **General Authority**

The Debtor shall execute such documents, and take such other actions, as are necessary to effectuate the transactions provided for in the Plan.

**Q.**    **Binding Effect**

The Plan and all rights, duties and obligations thereunder shall be binding upon and inure to the benefit of the Debtor, the Committee, Holders of Claims, the Liquidating Trust, the Liquidating Trustee and their respective successors and assigns.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**R.    Governing Law**

Unless a rule of law or procedure is supplied by federal law (including, but not limited to, the Bankruptcy Code and Federal Rules of Bankruptcy Procedure), the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of California, without giving effect to the principles of conflict of laws thereof.  Unless a rule of law or procedure is supplied by federal law (including, but not limited to, the Bankruptcy Code and Federal Rules of Bankruptcy Procedure), the rights and obligations arising under any agreement, contract, document, or instrument provided for or executed in connection with the Plan, shall be governed by, and construed and enforced in accordance with express choice of law provision in such an agreement, contract, document, or instrument; provided, however, if no rule of law or procedure is supplied by federal law (including, but not limited to, the Bankruptcy Code and Federal Rules of Bankruptcy Procedure) and if no choice of law provision is contained in such an agreement, contract, document, or instrument, such agreement, contract, document, or instrument shall be governed by, and construed and enforced in accordance with, the laws of the State of California, without giving effect to the principles of conflict of laws thereof.

**S.    Payment or Distribution Dates**

Whenever any payment or Distribution to be made under the Plan shall be due on a day other than a Business Day, such payment or distribution shall instead be made, without interest, on the immediately following Business Day.

**T.    Headings**

The headings used in the Plan are inserted for convenience only and neither constitutes a portion of the Plan nor in any manner affects the construction of the provisions of the Plan.

**U.    No Waiver**

The failure of the Debtor or the Committee or any other person to object to any Claim for purposes of voting shall not be deemed a waiver of the Debtor's, the Committee's, or the Liquidating Trust's right to object to or examine such Claim, in whole or in part.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**V.      Post-Effective Date Notice**

From and after the Effective Date, any Person who desires notice of any pleading or document filed in the Case, or of any hearing in the Court, or of any matter as to which the Bankruptcy Code requires notice to be provided, will file a request for post-Effective Date notice and will serve the request on the Liquidating Trustee.  Any Person filing such a request will be placed on the Post-Effective Date Notice List.  The U.S. Trustee, the SDH Trust Committee, and the Liquidating Trustee will be deemed to have requested post-Effective Date notice and will be placed on the Post-Effective Date Notice List without taking any further action.


**IX.**

**CONDITIONS TO CONFIRMATION**

The only conditions precedent to Confirmation of the Plan are that at least one of Classes 1, 3, and 4 have voted to accept the Plan and the Bankruptcy Court shall have entered the Confirmation Order in a form acceptable to the Proponents.

Dated: ~~June~~ August____, 2013        SAN DIEGO HOSPICE AND PALLIATIVE
                                        CARE CORPORATION,
                                        a California corporation


                                        _____
                                        By: Kathleen Pacurar
                                        Its:  Chief Executive Officer


Dated: ~~June~~ August_____, 2013       OFFICIAL COMMITTEE OF UNSECURED
                                        CREDITORS FOR SAN DIEGO HOSPICE AND
                                        PALLIATIVE CARE CORPORATION


                                        By: _____
                                        Name: Martin McDonough
                                        Title: ~~Chairman~~ Chairmam

49

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Submitted by:

PACHULSKI STANG ZIEHL & JONES LLP

By:    /s/ Samuel R. Maizel
          Samuel R. Maizel (CA Bar No. 189301)
          Jeffrey L. Kandel (CA Bar No. 115832)
          Teddy M. Kapur (CA Bar No. 242486)
          Attorneys for the Official Committee of
          Unsecured Creditors

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By:    /s/ Gerald P. Kennedy
          Jeffrey Isaacs (CA Bar No. 042622)
          Gerald P. Kennedy (CA Bar No. 105887)
          Jamie L. Altman (CA Bar No. 280075)
          Attorneys for Debtor and Debtor in Possession

DOCS_LA:266286.9 DOCS_LA:266286.10 76892/001

1  Samuel R. Maizel (CA Bar No. 189301)
   Teddy M. Kapur (CA Bar No. 242486)
2  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Boulevard, 13th Floor
3  Los Angeles, CA  90067
   Telephone: 310/277-6910
4  Facsimile: 310/201-0760

5  [Proposed] Attorneys for Official Committee of Unsecured
   Creditors of San Diego Hospice and Palliative Care
6  Corporation

7

8                    UNITED STATES BANKRUPTCY COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11  In re:                                    Case No.: 13-01179-MM11

12  SAN DIEGO HOSPICE & PALLIATIVE CARE        Chapter 11
    CORPORATION,
13                                             PROOF OF SERVICE
                              Debtor.
14

15

16

17      I, Myra Kulick, DECLARE AS FOLLOWS:

18      I am a resident of and employed in the city and county of Los Angeles, State of California.  I
    am over the age of 18 and not a party to the within action; my business address is 10100 Santa
19  Monica Blvd., 13th Floor, Los Angeles, California  90067.

20      On **August 27, 2013**, I caused to be served the following document(s):

21          ***NOTICE RE: BLACKLINE SHOWING MODIFICATIONS TO***
            ***THE FIRST AMENDED LIQUIDATING PLAN FOR SAN DIEGO***
22          ***HOSPICE & PALLIATIVE CARE CORPORATION (JUNE 24,***
            ***2013) JOINTLY PROPOSED BY THE DEBTOR AND THE***
23          ***OFFICIAL COMMITTEE OF UNSECURED CREDITORS***

24  On the parties in this action as follows:

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

☑ BY CM/ECF NOTICE OF ELECTRONIC FILING by causing such document(s) listed above to be served through this Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CMIECF Users set forth below as identified on the service list obtained from this Court on the Electronic Mail Notice List..

- *Jamie Altman jamie.altman@procopio.com, kristina.terlaga@procopio.com;lenore.joseph@procopio.com*
- *Everett G. Barry ebarry@mulvaneybarry.com, gcurtis@mulvaneybarry.com;ktran@mulvaneybarry.com*
- *Steven M. Berman SBerman@slk-law.com, sstirling@slk-law.com*
- *Jess R. Bressi jbressi@mckennalong.com, ksigismondo@mckennalong.com*
- *Steven K. Brumer sbrumer@brumerlawfirm.com*
- *Jeffrey D. Cawdrey jcawdrey@gordonrees.com, ebojorquez@gordonrees.com;slemos@gordonrees.com*
- *William R. Cumming cumming@cummingandassociateslaw.com*
- *Joseph R. Dunn jrdunn@mintz.com, tlmayo@mintz.com;jadavis@mintz.com;aobrient@mintz.com;dsjohnson@mintz.com;docketing@mintz.com*
- *Amir Gamliel agamliel@perkinscoie.com*
- *Thomas B. Gorrill tgorrill@gorillalaw.com*
- *Christopher V. Hawkins hawkins@sullivanhill.com, vidovich@sullivanhill.com;hill@sullivanhill.com;Iriarte@sullivanhill.com;stein@sullivanhill.com;cruz@sullivanhill.com;millerick@sullivanhill.com;gubba-reiner@sullivanhill.com;ggarcia@sullivanhill.com*
- *Haeji Hong Haeji.Hong@usdoj.gov, USTP.Region15@usdoj.gov,tiffany.l.carroll@usdoj.gov*
- *Jeffrey Isaacs jeffrey.isaacs@procopio.com, gpk@procopio.com;kristina.terlaga@procopio.com;lenore.joseph@procopio.com*
- *Jeffrey Kandel jkandel@pszjlaw.com*
- *Teddy Kapur tkapur@pszjlaw.com*
- *Grant C. Keary gck@dlklaw.com*
- *Andy Kong Kong.Andy@ARENTFOX.COM*
- *K Kenneth Kotler kotler@kenkotler.com*
- *Kristin Lamar klamarecf01@gmail.com,NChawlaecf01@gmail.com,IGN@NewChapterLaw.com,ecf@NewChapterLaw.com*
- *Paul J Leeds leedsp@higgslaw.com, reisingc@higgslaw.com*
- *Paul J Leeds leedsp@higgslaw.com, reisingc@higgslaw.com*
- *Samuel R. Maizel smaizel@pszjlaw.com, mkulick@pszjlaw.com*
- *Samuel R. Maizel smaizel@pszjlaw.com, mkulick@pszjlaw.com*
- *Scotta McFarland smcfarland@pszjlaw.com*
- *Dawn Messick dmessick@foley.com*
- *Elaine Nguyen Elaine@wsrlaw.net, megan@wsrlaw.net;tdorros@mrllp.com;Blake@lawbl.com*
- *Elaine Nguyen Elaine@wsrlaw.net, megan@wsrlaw.net;tdorros@mrllp.com;Blake@lawbl.com*
- *Martin W. Phillips marty.phillips@att.net*
- *Gerald N. Sims jerrys@psdslaw.com, bonniec@psdslaw.com*
- *Kelly Ann Mai Khanh Tran ktran@mulvaneybarry.com, lbrayton@mulvaneybarry.com*
- *Matthew Troy Matthew.Troy@usdoj.gov*
- *United States Trustee ustp.region15@usdoj.gov*
- *Stacie Yee stacie.yee@squiresanders.com, Bradley.Cosman@squiresanders.com;derek.judd@squiresanders.com*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

All other interested parties in this action that are not a registered ECF User are served as follows:

☑ BY U.S. Mail by placing the document(s) listed above in a seaJed envelope with postage thereon fully prepaid, in the United States Mail at Los Angeles, California addressed as set forth below.

***PLEASE SEE ATTACHED SERVICE LIST.***

☐ BY OVERNIGHT DELIVERY by causing such envelope(s) to be deposited in a box or other facility regularly maintained by Federal Express overnight delivery with fees paid.

☐ BY ELECTRONIC SERVICE by causing document(s) to be electronically served on the interested parties in the above-referenced action. The transmission was reported as complete without error an a copy of the report will be maintained with the document by the sender.

☐ BY FACSIMILE by causing the foregoing document(s) via facsimile transmission. The transmission was reported as complete without error and a copy of the report will be maintained with the document by the sender.

I declare under penalty of perjury that the documents were served by methods indicated above and the foregoing is true and correct. Executed on __**August 27, 2013**__, at Los Angeles, California.

*/s/ Myra Kulick*
Myra Kulick

**In re San Diego Hospice &
Palliative Care Corporation
Case No. 13-01179 (MM11)
2002 Service List**

Debtor
San Diego Hospice & Palliative Care
Corporation
4311 Third Avenue
San Diego CA 92103

Internal Revenue Service
Post Office Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
Insolvency Group 1
880 Front Street
San Diego, CA 92101

**Requests for Special Notice**

John S. Kaplan, Esq.
Perkins Coie LLP
1201 Third Avenue, 48th Floor
Seattle, WA 98101-3099

Susan Dukes
2120 Estela Drive
El Cajon, CA 92020

Janine Sarti on behalf of Creditor
Palomar Health
Palomar Health Legal Services Dept
15255 Innovation Drive
San Diego, CA 92128

Jo Anne Bilodeau
7727 Tommy St., Apt. 21
San Diego, CA 92119

Attorneys for Connecticut General
Life Insurance Co
Janet D. Gertz
Cooley LLP
4401 Eastgate Mall
San Diego, CA 92121

Daniel J. Weintraub
Blake J. Lindemann
Elaine V. Nguyen
Weintraub & Selth, APC
11766 Wilshire Blvd, Suite 1170
Los Angeles, CA 90025

**Official Committee of Unsecured
Creditors**

Robert Hirsh
Arent Fox
1675 Broadway
New York, NY 10019

Outcome Resources LLC
Attn: Martin McDonough, CEO
2210 Plaza Dr. #300
Rocklin, CA 95765

GlenBrook Skilled Nursing
Attn: Darolyn Jorgensen-Kares
1950 Calle Barcelona
Carlsbad, CA 92009

Departure
427 C Street, Suite 406
San Diego, CA 92101

Brookwood Crossroads Investors,
LLC
Attn: Evelyn M. Murphy
72 Cherry Hill Drive
Beverly, MA 01915

Medline Industries, Inc.
Attn: Shane Reed
1 Medline Place
Mundelein, IL 60060