Jeffrey L. Kandel (CA Bar No. 115832)
Jeffrey P. Nolan (CA Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA  90067-4003
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:    jkandel@pszjlaw.com
           jnolan@pszjlaw.com

Attorneys for Richard M Kipperman,
Liquidating Trustee

# UNITED STATES BANKRUPTCY COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>SAN DIEGO HOSPICE & PALLIATIVE CARE CORPORATION,<br><br>Debtor. | Case No. 13-01179-MM11<br><br>Chapter 11<br><br>**MOTION FOR ENTRY OF FINAL DECREE CLOSING THE CHAPTER 11 CASES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD M KIPPERMAN IN SUPPORT THEREOF**<br><br>[No Hearing Required per Local Bankruptcy Rules 3022-1(a) and 9013-1(o) unless requested] |

Richard M Kipperman, in his capacity as Liquidating Trustee (the "Liquidating Trustee") of the Liquidating Trust (the "Liquidating Trust") of the chapter 11 estate of San Diego Hospice & Palliative Care Corporation (the "Debtor" or "Hospice"), debtor in the above-captioned case (the "Case") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), hereby moves this Court for an order granting a final decree and closing the chapter 11 cases (the "Motion") substantially in the form attached hereto as Exhibit A.  The Motion is based on the accompanying Notice, Memorandum of Points and Authorities, the Declaration of Richard M Kipperman and any other pleadings and evidence presented before the Court.

1

DOCS_LA:321299.4 76892/003

The Motion is made pursuant to (1) the terms of the *First Amended Liquidating Plan for San Diego Hospice and Palliative Care Corporation as Modified* [Dkt. No. 609] (the "Plan") which was confirmed pursuant to the *Order Confirming First Amended Liquidating Plan For San Diego Hospice and Palliative Care Corporation (June 24, 2013), As Modified on August 27, 2013 and September 18, 2013, Jointly Proposed by the Debtor and the Official Committee of Unsecured Creditors* (the "Order") [Docket No. 615]; (2) section 350 of title 11 of the United States Code (the "Bankruptcy Code"); (3) Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and (4) 9034-1(a)(3) of the Local Bankruptcy Rules (the "Local Bankruptcy Rules") of this Court.

Dated:  June 21, 2019               PACHULSKI STANG ZIEHL & JONES LLP

By   */s/ Jeffrey P. Nolan*
     Jeffrey L. Kandel
     Jeffrey P. Nolan
     Attorneys for Richard M Kipperman,
     Liquidating Trustee

2

DOCS_LA:321299.4 76892/003

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Liquidating Trustee in the above-captioned chapter 11 case of the Liquidating Trust files this motion (the "Motion") for a final decree closing the Case of Hospice.

The Plan has been substantially consummated. The Debtor's estate has been administered, all claims have been resolved, and upon distribution of remaining funds and handling of various reporting requirements associated with the Liquidating Trust, there are no further matters or proceedings pending or anticipated requiring that the Case remain open.

## II. RELIEF REQUESTED

Pursuant to section 350 of the Bankruptcy Code, Rule 3022 of the Bankruptcy Rules, Local Bankruptcy Rule 9034-1(a)(3) and the Order Confirming the Plan Granting Motion for Approval of Plan, Substantive Consolidation, and Related Settlement Between the Estates Pursuant to Plan (the "Confirmation Order") [Dkt. No. 615], the Liquidating Trustee, pursuant to section 12.10.3 of the Plan, moves, on notice and opportunity to object pursuant to Local Bankruptcy Rule 9013-1(o), for an order granting final decrees and closing the Cases, of the Debtors on the grounds that the Plan has been substantially consummated, the Cases have been fully administered, and there are no matters or adversary proceedings pending or anticipated in the Cases requiring that the Cases remain open. (Copy of the proposed Final Decree is attached hereto as Exhibit "A"). The Liquidating Trustee has concurrently served a separate Notice of the Motion upon all parties that were served with the Plan.

## III. STATEMENT OF FACTS

On February 4, 2013, the Debtors filed their petitions under chapter 11 of the Bankruptcy Code. During the Cases, the Debtors remained in possession and control of their assets as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

On September 18, 2013, the Debtors filed the Plan [Docket No. 609]. The Plan was confirmed by this Court's entry of the Confirmation Order on September 23, 2013 [Docket No. 615]. The Plan became effective on October 8, 2013 (the "Effective Date").

On or about the Effective Date, the Liquidating Trust came into existence, the appointment of the Liquidating Trustee became effective, the Debtors' remaining assets were transferred to the

3

1 Liquidating Trust, the Official Committees of Unsecured Creditors (the "Committee") was deemed

2 dissolved, and the Liquidating Trustee, pursuant to section 1123(b) of the Bankruptcy Code, was

3 appointed the successor to the Debtors for all purposes consistent with the Plan and the Liquidating

4 Trust Agreement. Since that date, pursuant to the Plan and the Liquidating Trust Agreement, the

5 Liquidating Trustee has been administering the Liquidating Trust.

6 On or about September 3, 2015, the Liquidating Trustee resolved all remaining claims

7 involving the Warn Act Litigation.

8 On or about December 29, 2017, the Court approved the settlement of the Liquidating

9 Trustee of the adversary action against former officers and directors [Docket No. 1735].

10 In or about June 2018, the Court approved a process to abandon certain records, as well as to

11 transfer remaining medical records. [Docket No. 1759].

12 On or about February 25, 2019, the Court approved the settlement of the Liquidating Trustee

13 resolving Claim No. 120 filed by Kathleen Jones [Docket No. 1798].

14 All claims filed in the Bankruptcy Case have been adjudicated and/or resolved.

15 The Liquidating Trustee has concluded sale of remnant assets, and all of the assets of the

16 Liquidating Trust have been liquidated. All contested matters and motions (other than this Motion)

17 and adversary proceedings have been concluded. In addition, the claims reconciliation process has

18 been completed. All objections to claims have either been resolved by stipulation and/or order of the

19 Court.

20 On or about April 22, 2019, the Liquidating Trustee filed the *Tenth Chapter 11 Post*

21 *Confirmation Report for the Calendar quarter ending March 31, 2019* [Dkt. No.1801] (the "Status

22 Report"), which Status Report summarizes all distributions made through the date thereof by the

23 Liquidating Trustee pursuant to the Plan.

## I.

## ARGUMENT

**A.** **The Court May Close The Case When The Estate Is Fully Administered**

27 Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully

28 administered. . . the court shall close the case." 11 U.S.C. § 350(a) (2012). Bankruptcy Rule 3022

4

implements section 350(a) of the Bankruptcy Code in the context of chapter 11 reorganizations: "[a]fter an estate is fully administered in chapter 11 reorganization cases, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. Also, Local Bankruptcy Rule 3022-1(a) states that "[a]fter an estate is fully administered in a chapter 11 reorganization case, a reorganized debtor or chapter 11 trustee may file a motion for a final decree using the procedure of Local Bankruptcy Rule 9013-1(d) or (o). Notice of the motion must be served upon all parties upon whom the plan was served."

### B.    The Estate Has Been Fully Administered

The term "fully administered" is not defined in the Bankruptcy Code, however, the Advisory Committee Note to Bankruptcy Rule 3022 lists the following six non-exclusive factors for a court to consider when making the determination of whether an estate has been fully administered:

(1)    whether the order confirming the plan has become final;

(2)    whether deposits required by the plan have been distributed;

(3)    whether the property proposed by the plan to be transferred has been transferred;

(4)    whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

(5)    whether payments under the plan have commenced; and

(6)    whether all motions, contested matters, and adversary proceedings have been finally resolved.

In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated. See, e.g., *In re Gates Cmty. Chapel of Rochester, Inc*., 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Associates v. Saidel,* 164 B.R. 487, 493 (E.D., PA 1994), 164 B.R at 493 (same)[1]

In this instance, all applicable factors evidencing the substantial consummation of the Plan

---

[1] Section 1101(2) of the Bankruptcy Code defines substantial consummation as the: (A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan.

5

DOCS_LA:321299.4 76892/003

have been satisfied.

### (1) Confirmation of Plan

The Plan was confirmed on September 23, 2013, and the Confirmation Order entered, final and non-appealable. [See Dkt. No. 615]

### (2) Deposits and Transfer of Property Under the Plan

All of the Debtor's real property and all of its tangible personal property have already been sold pursuant to sales approved by the Court. [See Dkt. No. 574] All reserves established under the Plan have been fully effectuated and disbursed.

### (3) Business Or Management Of The Property Dealt With By The Plan

As the Court is aware, the Plan was a liquidating plan. The Plan has been effectuated.

### (4) Whether Payments Under The Plan Have Commenced

All payments required and contemplated by the Plan have been made. Specifically, all administrative, prepetition and post-confirmation expenses (due and payable to date) have been paid in full and all of the Court's supplemental orders pertaining to the Plan have been fully complied with. Even assuming payments required by a plan have not been completed in total, entry of a final decree closing a chapter 11 case should not be delayed solely because of a missing payment. Advisory Committee Note (1991). The Liquidating Trustee retains funds to ensure compliance with state and federal tax obligations and upon satisfaction that such obligations are resolved or removed from further discussion then intends to distribute any residual funds in compliance with the Plan. There are no pending motions, contested matters or adversary proceedings remaining in this Case.

### C. The Plan Has Been Substantially Consummated

The word 'substantial' suggests more than halfway, more than a mere preponderance." *In re Jorgensen*, 66 Bankr. 104, 107 (9th Cir. 1986). A court would be hard pressed to find that the plan has not been substantially consummated when, by its very terms, the plan has been concluded. *In re Dam Rd. Mini Storage*, 156 B.R. 270, 271 (Bkrtcy SD, 1993)

The principal purpose of the Liquidating Trust Agreement was to aid in the implementation of the Plan [Dkt. No. 615, Section 13.8] The Liquidating Trustee has moved forward in good faith and resolved all claims and cause of action in accordance with the Liquidating Trust Agreement.

6

DOCS_LA:321299.4 76892/003

After entry of a final decree in the Case, the Liquidating Trustee will continue to take all necessary actions to conclude the administration of the Liquidating Trust, including, but not limited to, paying the expenses of the Liquidating Trust, overseeing the preparation of the filing of the final federal tax returns for the Liquidating Trust as a grantor trust under IRC Section 671 and Treasury Income Tax Regulation Section 1.671-4, and sending each beneficiary under the Liquidating Trust a separate statement stating the beneficiary's share of the Liquidating Trust's income, gain, loss, deduction or credit, and instructing each beneficiary to report such items on federal tax returns. (*See Declaration of Richard M Kipperman*, filed concurrently herewith) The Liquidating Trustee will terminate or close the Liquidating Trust following compliance with all reporting requirements.

### D.     Payment of Quarterly OUST Fees

The Liquidating Trustee has filed all reports required to be filed with the United States Trustee and has paid all fees due and owing through quarter ending March 31, 2019.  [See Dkt No. 1792]

### E.     The Case Should be Closed

The Case has been fully administered pursuant to the Bankruptcy Code.  The Liquidating Trustee, therefore, submits that the requirements to obtain a final decree closing the Case have been met.

## II.

## CONCLUSION

For all of the foregoing reasons and as set forth in the attached *Declaration of Richard M Kipperman*, the Liquidating Trustee respectfully requests that the Court grant the Motion and issue an order (a) authorizing the entry of a Final Decree closing this Case pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Bankruptcy Rule 3022-1, and (b) granting such further and other relief that is just or proper under the circumstances.

DOCS_LA:321299.4 76892/003

| | | |
|---|---|---|
| Dated: June 21, 2019 | | PACHULSKI STANG ZIEHL & JONES LLP |
| | By | */s/ Jeffrey P. Nolan* |
| | | Jeffrey L. Kandel |
| | | Jeffrey P. Nolan |
| | | Attorneys for Richard M Kipperman, Liquidating Trustee |

DOCS_LA:321299.4 76892/003

## DECLARATION OF RICHARD M KIPPERMAN

I, Richard M Kipperman, declare:

1. I am the Liquidating Trustee appointed under the Plan. I have personal knowledge of the facts set forth herein and if called upon as a witness could and would competently testify thereto. I make this declaration in support of the *Motion for Entry of Final Decree Closing Chapter 11 Case* (the "Motion"). Capitalized terms not otherwise defined in this Declaration have the meaning given them in the Motion.

2. On April 22, 2019, the Liquidating Trust filed the *Tenth Chapter 11 Post Confirmation Report for the Calendar quarter ending March 30, 2019* [Dkt. No.1801] (the "Status Report"). The Status Report summarizes all distributions made through the date thereof by the Liquidating Trustee pursuant to the Plan.

3. Following numerous mediations, the Court approved the settlement of the adversary action(s) against former officers and directors on or about December 29, 2017.

4. On or about February 25, 2019, the Court approved the settlement of the Liquidating Trustee's remaining claim objection. [Docket No. 1798].

5. All claims filed in the Bankruptcy Case have been adjudicated and/or resolved.

6. Previously, the Debtor, Committee of Unsecured Creditors and/or the Liquidating Trust filed various motions to abandon assets. [Docket No. 353 & 523]. The Liquidating Trustee is has sold off all remnant assets to a third party.

7. The Liquidating Trust is current on all disbursements to the OUST, the quarterly fees of $975 having been paid for the first quarter of 2019.

8. The Liquidating Trustee will be complying with the various reporting requirements and in filing the Estate's final tax returns and in preparing and distributing all necessary reporting to federal or state authorities. The balance will also be used to pay any further accruing fees and expenses incurred by me or my professionals.

   a. I believe that this Case has been "fully administered" before the entry of the order requested by this Motion, as such term is used in section 350 of the Bankruptcy Code,

DOCS_LA:321299.4 76892/003

Bankruptcy Rule 3022 and Local Bankruptcy Rule 3022-1, and therefore, as directed in Section 350 and Bankruptcy Rule 3022, requests entry of a final decree and order closing the Case.

Executed this 20th day of June, 2019, at La Mesa, California.

_____
Richard M Kipperman, Liquidating Trustee

10

DOCS_LA:321299.3 76892/003

# EXHIBIT A

CSD 1156 [12/01/15]
Name, Address, Telephone No. & I.D. No.

Jeffrey P. Nolan  (CA Bar No. 158923)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Flooor
Los Angeles, CA  90067
Telephone: (310) 277-6910; Facsimile:  (310) 201-0760
Email:  jnolan@pszjlaw.com

Attorneys for Richard M Kipperman

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

SAN DIEGO HOSPICE & PALLIATIVE CARE CORPORATION,

Tax I.D.(EIN)#: 95-3125765          /S.S.#: XXX-XX- _____ Debtor

BANKRUPTCY NO. 13-01179-MM1

# FINAL DECREE

The estate of the above named debtor has been fully administered.

☐   The deposit required by the plan has been distributed.

IT IS ORDERED THAT:

☐   _____
    (*name of trustee*)
    is discharged as trustee of the estate of the above-named debtor and the bond is cancelled;

☒   the chapter 11 case of the above named debtor is closed; and

☐   [other provisions as needed]

DATED:                                       _____
                                             Judge, United States Bankruptcy Court

CSD 1156

