Jeffrey P. Nolan (CA Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA  90067-4003
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:     jnolan@pszjlaw.com

Attorneys for Liquidating Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>SAN DIEGO HOSPICE & PALLIATIVE CARE CORPORATION,<br><br>Debtor. | Case No. 13-01179-MM11<br><br>Chapter 11<br><br>**APPLICATION TO (I) REOPEN CHAPTER 11 CASE, (II) APPOINT SUCCESSOR TRUSTEE AND (III) IMMEDIATELY CLOSE CHAPTER 11 CASE** |

Pachulski Stang Ziehl & Jones ("PSZJ") counsel for Liquidating Trustee ("Liquidating Trustee"), of the Liquidating Trust (the "Liquidating Trust") of the chapter 11 estate of San Diego Hospice & Palliative Care Corporation (the "Debtor" or "Hospice"), hereby submits an *Application to (I) Reopen Chapter 11 Case, (II) Approve the Appointment of Successor Trustee, and (III) Immediately Close Chapter 11 Case* (the "Application"), and in support thereof respectfully states as follows:

I.

**JURISDICTION AND VENUE**

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157 (a) and (o).  Venue of this Chapter 11 Case and this Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are section 350 of the United States Bankruptcy Code (the

"Bankruptcy Code") and Rule 5010 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II.

## BACKGROUND

On February 4, 2013, the Debtor filed their petitions under chapter 11 of the Bankruptcy Code. During the Case, the Debtor remained in possession and control of their assets as debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

On September 18, 2013, the Debtor filed the Plan [Docket No. 609]. The Plan was confirmed by this Court's entry of the Confirmation Order on September 23, 2013 [Docket No. 615]. The Plan became effective on October 8, 2013 (the "Effective Date").

On or about the Effective Date, the Liquidating Trust came into existence, the appointment of the Liquidating Trustee became effective, the Debtor's remaining assets were transferred to the Liquidating Trust, the Official Committees of Unsecured Creditors (the "Committee") was deemed dissolved, and the Liquidating Trustee, pursuant to section 1123(b) of the Bankruptcy Code, was appointed the successor to the Debtor for all purposes consistent with the Plan and the Liquidating Trust Agreement. Since that date, pursuant to the Plan and the Liquidating Trust Agreement, the Liquidating Trustee has been administering the Liquidating Trust.

On or about September 3, 2015, the Liquidating Trustee resolved all remaining claims involving the Warn Act Litigation.

On or about December 29, 2017, the Court approved the settlement of the Liquidating Trustee of the adversary action against former officers and directors [Docket No. 1735].

In or about June 2018, the Court approved a process to abandon certain records, as well as to transfer remaining medical records. [Docket No. 1759].

On or about February 25, 2019, the Court approved the settlement of the Liquidating Trustee resolving Claim No. 120 filed by Kathleen Jones [Docket No. 1798].

All claims filed in the Bankruptcy Case have been adjudicated and/or resolved.

The Liquidating Trustee has concluded sale of remnant assets, and all of the assets of the Liquidating Trust have been liquidated. All contested matters and motions (other than this Motion)

and adversary proceedings have been concluded. In addition, the claims reconciliation process has been completed. All objections to claims have either been resolved by stipulation and/or order of the Court.

On or about April 22, 2019, the Liquidating Trustee filed the *Tenth Chapter 11 Post Confirmation Report for the Calendar quarter ending March 31, 2019* [Dkt. No.1801] (the "Status Report"), which Status Report summarizes all distributions made through the date thereof by the Liquidating Trustee pursuant to the Plan.

On June 21, 2019 the Liquidating Trustee caused to be filed a *Motion For Entry Of Final Decree Closing The Chapter 11 Case* [Dkt. No. 1802] ("Motion to Close:") as the Trustee's affairs had been substantially completed in accordance with the Trust, applicable law and Plan with only a few "wind down obligations" remaining. The remaining obligations consisted of paying outstanding ordinary course administrative fees and expenses and other distributions out of the remaining cash on hand, preparing tax filings, and coordinating the storage and preservation of the Trust's remaining records. On July 21, 2019 the court granted the Motion to Close and entered an *Order Granting Final Decree and Close the Case* [Dkt 1806] ("Final Decree").

The remaining tasks were completed including preservation of patient medical records. However, the Liquidating Trustee unexpectedly passed away before the final task of distributing residual funds could be completed. Accordingly, it is submitted that the Court should reopen the Chapter 11 Case for the limited purpose of appointing a Successor Trustee.

Appointment of Successor Trustee.

Lisa Jones, a Senior Analyst at Corporate Management (the entity for which Mr. Kipperman had served as president) has worked closely with the Liquidating Trustee since 2013 on the Debtor' case and has agreed to serve as the successor trustee under the terms of the Trust (the "Successor Trustee"). *See*, Declaration of Ms. Jones filed in support of the Application.

Pursuant to paragraph 13.11 of the Liquidating Trust Agreement,

> Notwithstanding the Effective Date, and to the fullest extent permitted by law, the Bankruptcy Court shall retain exclusive jurisdiction over the Liquidating Trust after the Effective Date,...

DOCS_LA:344522.4 76892/004                              3

PSZJ respectfully submits that Ms. Jones be named as the Successor Trustee. Ms. Jones has worked closely with Mr. Kipperman in a supporting role while he served as the Liquidating Trustee in the Debtor's case and is familiar with the case. Since 2013, she was responsible for handling the day-to-day operations of the Trust, including maintaining the Trust's bank accounts and other financial affairs, calculating and preparing distributions to the beneficiaries and administrative claimants pursuant to the terms of the Trust, and preparing the quarterly operating reports. She therefore has first-hand day-to-day knowledge of the Trust, its remaining assets and obligations. *See* Declaration of Ms. Jones. In fact, Ms. Jones was in the process of calculating the final payments and distributions from the Trust before Mr. Kipperman passed away. In order to complete these final payments and distributions and finalize the wind down of the Trust's affairs, a court order authorizing Ms. Jones' appointment as the Successor Trustee is necessary.

The transition from Mr. Kipperman to Ms. Jones as Successor Trustee should be seamless, as Ms. Jones has supported Mr. Kipperman with the administration of the Trust since 2013. The appointment of the Successor Trustee will also not have any impact on the performance of the obligations under the Trust and the very few wind down tasks that remain. *See* Declaration of Ms. Jones.

Should the Court grant this Application, the successor Liquidating Trustee "shall become fully vested with all of the rights, powers, duties and obligations of its predecessor." (Liquidating Trust Agreement, Section 2.6.)

### III.

### RELIEF REQUESTED

By this Application, counsel for the Liquidating Trustee respectfully requests entry of an order reopening the Chapter 11 Case to approve the appointment of the Successor Trustee so that the remaining wind down tasks may be completed. To minimize potential Chapter 11 quarterly fees, the Application also requests that the Court close the case immediately after the order approving the appointment of the Successor Trustee.

DOCS_LA:344522.4 76892/004

4

IV.

**ARGUMENT**

A.     **Cause Exists to Reopen the Chapter 11 Case**

Section 350(b) of the Bankruptcy Code provides: "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350 (b). Bankruptcy Rule 5010 governs the procedure for the reopening of case under Bankruptcy Code section 350(b). It provides in relevant part that "[a] case may be reopened on the Application of the debtor or other party in interest pursuant to § 350 of the Code." Fed. R. Bankr. Pr. 5010.

The reopening of a bankruptcy case is a ministerial act that "functions primarily to enable the file to be managed by the clerk as an active matter and that, by itself, lacks independent legal significance and determines nothing with respect to the merits of the case." *Menk v. Lapaglia (In re Menk),* 241 B.R. 896, 913 (9th Cir. BAP 1999). Such Application "legitimately presents only a narrow range of issues: whether further administration appears to be warranted; whether a trustee should be appointed; and whether the circumstances of reopening necessitate payment of another filing fee." *In re Menk,* 241 B.R. at 916. The decision to reopen a bankruptcy case pursuant to Bankruptcy Code 350 is within the discretion of the Bankruptcy Court. See, *Id.* at 915; *In re Shondel*, 950 F.2d 1301 (7th Cir. 1997); *In re Sheerin*, 21 B.R. 438 (1st Cir. BAP 1984).

The Court should exercise its discretion to reopen the Debtor's case pursuant to section 350(b) of the Bankruptcy Code, consistent with the terms of the Trust Agreement, in order to allow Ms. Jones to be appointed as the Successor Trustee. PSZJ, as counsel to the Liquidating Trustee, is a party in interest who may seek to reopen the case for good cause as shown here. The Trust also requires the Bankruptcy Court to appoint a successor trustee and thus an order reopening the case is necessary for that purpose.

Mr. Kipperman unexpectedly passed away before the final payments and distributions from remaining net cash could be effectuated. In order to complete the payments and distributions and to contract with the storage providers for long term storage of the Trust's remaining records, a Successor Trustee will need to be appointed. In light of Ms. Jones' familiarity with the Trust's

operations and the remaining wind down obligations, an order appointing her as Successor Trustee is appropriate.

Accordingly, the Court should exercise its discretion to reopen the Debtor's chapter 11 case in order to allow the appointment of the Successor Trustee.

### B. The Court Should Approve the Appointment of the Successor Trustee

The appointment of Lisa Jones as Successor Trustee should be approved. The Liquidating Trust was created for the primary purpose of liquidating and distributing the Liquidation Trust Assets in accordance with the Plan and applicable tax statutes and rules. (Liquidating Trust Agreement Section 1.1). Here, due to Mr. Kipperman's passing, a Successor Trustee is needed to complete the few remaining obligations of the Trust, namely, to make final distributions of the limited cash on hand. The appointment of Ms. Jones as Successor Trustee is appropriate as she is very familiar with the Trust and has worked closed with Mr. Kipperman in his capacity as Liquidating Trustee. For instance, Ms. Jones has maintained the Trust's bank accounts, prepared the distributions to the beneficiaries under the Trust, prepared the quarterly reports, and has a day-to-day knowledge of the Trust. Here, due to Mr. Kipperman's passing, a Successor Trustee is needed to complete the few remaining obligations of the Trust, namely, to make final distributions to the US Attorney's Office and close out final expenses. As noted above, Ms. Jones was in the process of calculating the final distributions from the Trust at the time of Mr. Kipperman's passing. Given the circumstances of this case, PSZJ submits that the appointment of Ms. Jones as the Successor Trustee is appropriate and necessary for the completion of the few remaining wind down obligations of the Trust.

### C. The Court Should Immediately Close the Case after Approval of this Application

In order to minimize the Chapter 11 quarterly fees due during the period of time this case is reopened to hear this Application, the Court should immediately close the case after the entry of an order on this Application. Section 350(a) requires the Court to close a case when the case is fully administered and the court has discharged the trustee. The Debtor's case were previously closed and

DOCS_LA:344522.4 76892/004                                    6

the Final Decree entered even though the few "wind down obligations" remained.  Here, once the Court rules on this Application, the case should be re-closed immediately.

## V.
## NOTICE

Notice of this Application has been given to the United States Trustee and any other party entitled to receive electronic notice of the Application or who filed a request for post-confirmation notice.  No additional notice need be given on applications to reopen.  *See*, *In re Menk*, supra at 914 (the "motion can be considered ex parte and without a hearing.").  PSZJ therefore submits that, in light of the nature of the relief requested, no other or further notice need be given.

## VI.
## NO PRIOR REQUEST

No prior request for the relief sought in this Application has been made to this Court or any other court.

**WHEREFORE**, PSZJ respectfully requests that this Court enter an order reopening the Chapter 11 Case, approve the appointment of Lisa Jones as the Successor Trustee, and immediately close the Chapter 11 case, and granting such other and further relief as is just and proper.

Dated:  August 5, 2022   PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ Jeffrey P. Nolan*
    Jeffrey P. Nolan
    Attorneys for Liquidating Trustee

DOCS_LA:344522.4 76892/004                         7